Lackey *vs.* Bostwick.

pay out of this property, if it be necessary for it to be sold to secure his money.

Let the judgment be affirmed.

---

THOMAS F. LACKEY plaintiff in error, *vs.* HELEN C. BOST-WICK, defendant in error.

1. Where the charge of the court is not set forth, it will be presumed that the jury were properly instructed, and assignments of error that the verdict was contrary to law and the charge of the court, will not be entertained.

2. Where ejectment is brought and the. defendant files an equitable plea to the effect that the deed from him under which the plaintiff claims title was made to secure a debt, and was in fact but an equitable mortgage, it was incumbent upon him to tender payment of the principal and interest of the indebtedness, and to pray for the redemption of the property.

3. Whilst the defendant may file an equitable plea in the common law courts, still he must make such allegations as would have entitled him to relief in a court of equity.

Practice in the Supreme Court. Charge of Court. Tender. Ejectment. Equity. Pleadings. Before Judge HOPKINS. Fulton Superior Court. April Term, 1874.

For the facts of this case, see the decision.

THRASHER & THRASHER, for plaintiff in error.

LESTER & THOMSON, for defendant.

WARNER, Chief Justice.

This was an *action of ejectment* brought by the plaintiff against the defendant to recover possession of a city lot in the city of Atlanta. On the trial of the case the jury found a verdict in favor of the plaintiff. A motion was made for a new trial on the ground that the verdict was contrary to the evidence, contrary to law, and contrary to the charge of the court. The motion for a new trial was overruled, and the defendant excepted.

1. Assuming that the court charged the law correctly, as we are bound to presume it did, it was incumbent on the plaintiff in error to have set forth what the court did charge, and to have specified wherein the verdict was contrary to that charge. The charge of the court is not in the record, and we have no knowledge what it was. But presuming it was a legal charge, and that the jury found their verdict in accordance with that charge, the alleged error that the verdict was contrary to law, and contrary to the charge of the court, amounts to the same thing. The error complained of, therefore, is not apparent to us from the record in this case.

2. There is certainly sufficient evidence in the record to authorize the verdict. The plaintiff read in evidence a deed to the lot sued for, from the defendant to John R. Bostwick, dated 28th September, 1868, and a deed from John R. Bostwick to Helen C. Bostwick, the plaintiff's lessor, dated 11th October, 1869, and proved the defendant was in possession of the lot. The plaintiff, therefore, proved a title to the promises in dispute. The defendant, it is true, filed an equitable plea to the plaintiff's action, in which he alleged that the deed was executed by him to Bostwick for the purpose of securing the payment of a note which he owed him, for $800 00, and that the deed was only a mortgage; that Helen C. Bostwich, the plaintiff's lessor, was the wife of John R. Bostwick, and had notice of the object and purposes for which the deed was made. There is no offer by the defendant in his equitable plea to pay the principal and interest due on the note, or prayer for the redemption of the property alleged to have been conveyed as a security for the payment of the note. The evidence is quite clear that the deed was executed by the defendant to Bostwick, to secure the payment of the $800 00 note, but the evidence does not show that the defendant ever offered to pay the note and interest due thereon, or that he is now willing to do so.

3. Whilst a defendant, under our practice since the adoption of the Code, may set up his equitable defense in the common law court, still he must allege such facts and make such

allegations in his equitable plea as would have entitled him to the relief which he seeks in a court of equity, and prove the same on the trial in the common law court.  Assuming that the deed made by the defendant to Bostwick, which conveyed the legal title to the lot in dispute, was intended to secure the payment of the note and lawful interest due thereon, the defendant's equity was to have that conveyance of the legal title treated as a mortgage, with the right to redeem the land so conveyed on payment of the principal and interest due on the note.  This he did not seek to do, and perhaps for the obvious reason that the proven value of the lot would not, according to the evidence in the record, be more than sufficient to pay the debt.  As the verdict of the jury does substantial justice between the parties under the evidence contained in the record, there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.