W. R. WEST, plaintiff in error, *vs.* THOMAS R. BENNETT, defendant in error.

An absolute deed to land, made in 1874, as security for a debt, passed the legal title, though the debtor's wife did not consent to it, and though the debtor retained possession, taking bond for titles from the creditor, obligating the latter to reconvey on payment of the debt. A homestead in the land, set apart in 1876, on the application of the debtor's wife, is no defence to ejectment at the suit of the creditor against the debtor, brought after the debt became due. In equity, the conveyance is only a mortgage, but it passed the legal title, and the debtor's remedy is to redeem.

Ejectment. Deeds. Mortgage. Homestead. Before Judge WRIGHT. Mitchell Superior Court. May Term, 1877.

Reported in the opinion.

DAVIS & LYON, by brief, for plaintiff in error.

D. H. POPE; R. N. ELY, for defendant.

BLECKLEY, Judge.

In complaint for land, the plaintiff's title was a deed from defendant, dated October 17, 1874. This deed was an absolute conveyance; and on the day of its date, the plaintiff

made to the defendant a bond for titles, conditioned to convey the land to the defendant, on the payment of two hundred and fifty dollars, due one year thereafter, and called purchase money. In reality, this debt was created by a loan of two hundred dollars, at an interest of twenty-five per cent. per annum, and the conveyance was made as security for the debt. In January, 1876, the land was set apart as a homestead, on the application of the defendant's wife, she not having consented to the deed by which her husband conveyed to the plaintiff, (his creditor). In April, 1876, the plaintiff, who had never been admitted into possession, brought his action for the premises. The facts were pleaded by the defendant specially, and the case turned on the question whether or not the debt must be paid or tendered, in order to prevent a recovery on the deed. The court ruled that either payment or tender was necessary, and the plaintiff had a verdict. The defendant moved for a new trial, and the judgment overruling the motion was excepted to.

Apart from the question of homestead, the deed would enable the plaintiff to recover. 54 *Ga.*, 45; 55 *Ib.*, 650, 412, 691; 57 *Ib.*, 601. On what estate did the homestead proceedings take effect? On such estate as the debtor had in the land. That estate was purely equitable, and consisted of the right to redeem the legal title, on payment of the money as security for which he had passed that title to his creditor. When the right to redeem is in question, equitable principles are applied, and a deed, though absolute, will be treated as a mortgage. But thus dealing with it does not involve any concession that the legal title did not pass. It did pass, and for that very reason the necessity arises for invoking principles of equity. This was so before the act of 1871 (Code, §§1969, 1971,) was passed. That act was not required for the mere purpose of enabling a debtor to pass the legal title as security. It had further objects, one of which, as declared in the 1971st section of the Code, was to prevent liens from attaching on the property while title was held by the vendee. Another object may have

been to restrict the right of redemption to the time specified in the contract. Compliance with the contract "according to the terms" thereof, seems to have been contemplated. Perhaps, as the act originally stood, *time* was of the essence. Finally, it is not improbable that by virtue of the act, the wife might bear some relation to a transaction under it, which she would not bear to a similar transaction before the act was passed. Doubtless, she would be allowed to redeem the same as her husband. But one or the other must redeem, whether an absolute deed be made under the act, or under the law as it stood prior to this new legislation.

Judgment affirmed.