Carter *et al. vs.* Gunn.

---

CARTER *et al. vs.* GUNN.

Instruments which recite " that this deed witnesseth that to secure unto Jno. McK. Gunn (naming amount) which I justly owe him, I have hereby sold and conveyed unto him and his heirs and assigns at the stipulated price of (naming amount of debt) " certain described property, and concluding with *habendum* and *tenendum* and warranty clauses, are not mere mortgages, but, under the act of 1871, carry title, with right to have reconveyance on payment of debt.

JACKSON, Justice, concurred, holding that such was the law independent of the act of 1871.

Title. Deed. Mortgage. Before Judge WRIGHT. Randolph Superior Court. November Term, 1879.

Reported in the decision.

KENNON & HOOD; FIELDER & CHASTAIN, for plaintiffs in error.

JNO. T. CLARKE & SON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants in the statutory form, to recover the possession of certain described tracts of land. On the trial of the

case the jury found a verdict for the plaintiff. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendants excepted.

The plaintiff offered the following instruments in writing as evidence of title to the land sued for, which had been duly probated and recorded:

$767.74.                              "CUTHBERT, GA., February 1st, 1880.

"On November 1st after date, we promise to pay to Jno. McK. Gunn, or bearer, seven hundred and sixty-seven dollars and seventy-four cents, value received, with interest at the rate of twelve per cent. from maturity until paid.

"I waive all statutory exemptions that now exist in me, my wife, children or friends, to prevent the payment of this note.

his<br>
JNO. A. ⋈ CARTER,<br>
mark.<br>
RICHARD V. CARTER."

"Attest:

H. H. COBB,

W. E. LANDRUM.

"GEORGIA—Randolph County.

"This deed witnesseth, that to secure unto John McK. Gunn seven hundred and sixty-seven dollars and seventy-four cents, which I justly owe him, I have hereby sold and conveyed unto him and his heirs and assigns, at the stipulated price of seven hundred and sixty-seven dollars and seventy-four cents, lots of land numbers (68) sixty-eight and (84) eighty-four, containing each, say two hundred and two acres, more or less, making amount of land sold to said Gunn, say four hundred and four acres; both of said lots of land are contained in the sixth district, said county, said state, and numbered as above-mentioned, with all the members and appurtenances thereunto belonging. To have and to hold unto him and his heirs forever. The title to which property I warrant and will forever defend.

Witness my hand and seal this 26th day of February, 1875.

Signed, sealed and delivered before

his<br>
JNO. A. ⋈ CARTER,<br>
mark.<br>
RICHARD V. CARTER."

H. H. COBB,

W. E. LANDRUM.

$400.00.                              "CUTHBERT, GA., February 4th, 1873.

"On November 1st after date, I promise to pay to the order of John McK. Gunn, four hundred dollars, with interest at ten per cent. after maturity.

JNO. A. CARTER,<br>
RICHARD V. CARTER."

" GEORGIA—Randolph County.

"This deed witnesseth, that to secure unto John McK. Gunn four hundred dollars, which I justly owe him, I have hereby sold and conveyed unto him and his heirs and assigns at the stipulated price of four hundred dollars, three mules, as follows: Aleck, a black horse mule; Julia, a bay mare mule, and 'Beck, a mouse-colored mare mule; also the following lot of land, number (85) eighty-five, in the sixth district of Randolph county, state of Georgia; also my entire interest in my cotton crop that I am now preparing to make during the present year, with all the rights, members and appurtenances thereunto belonging. To have and to hold unto him and his heirs forever; the title to which property I warrant and will forever defend.

"Witness my hand and seal, this 4th day of February, 1873.

Signed, sealed and delivered before

JNO. A. CARTER, [SEAL.]

R. B. PHILLIPS,                    R. V. CARTER,   [SEAL.]"

B. F. COBB.

The main controlling question in this case is whether the foregoing written instruments are to be construed as deeds conveying the title to the land therein described, from the grantors to the grantee, or whether the same shall be held to be mortgages only. Prior to the passage of the act of 1871, these instruments, according to the rulings of this court, would have been considered mortgages only. Since the passage of that act such instruments are to be construed as deeds vesting the title to the land conveyed in the grantee as security for the debts until the same are paid, and not as mortgages, the grantors having the right to have the land reconveyed to them on the payment of the debts for which the deeds were given to secure. (See acts 1871, page 44.) The question raised by the plaintiffs in error as to the legal effect of the two instruments set forth in the record, is not now an open question in this court. See 54 *Ga.*, 45; 55 *Ib.*, 383, 650 and 691; 60 *Ib.*, 588, and 61 *Ib.*, 398.

Let the judgment of the court below be affirmed.

JACKSON, Justice, concurring.

In my judgment this case does not rest on the act of 1871, Code, §1969, but is independent of that act, and not

at all controlled by it. The case in 54 *Ga.*, 45, construed an equitable mortgage to be a conveyance that passed title, and on which there could be recovery in ejectment, indefensible, too, except by paying up the debt to secure which it was made, and by filing an equitable plea to that effect, and that case rested on the construction of a conveyance made in 1868, and which could not have been affected by the act of 1871, enacted three years thereafter. The subsequent cases cited by the chief justice followed that leading case, until it has now become settled that a debtor may convey the absolute title to land, on which the creditor may recover in ejectment, where the consideration of the conveyance is solely to secure a debt, and cannot be forced into equity proper to foreclose the conveyance as an equitable mortgage. The defendant having passed the legal title, and having nothing but an equity, must himself file his equitable plea and pay the debt or give up possession of the land, according to his bargain. The only cases where the mortgagee must foreclose, in order to have his debt paid, are those which arise upon statutory mortgages, regularly executed and recorded as such. In all cases where the aid of equity has to be invoked to turn a deed, absolute on its face, into a mortgage, that absolute deed gives such title as will eject the maker by action of ejectment at law, unless he do equity by paying the debt he agreed to pay, and to secure which he gave the legal title.

And, as I understand the principle applied in those cases, it is wholly immaterial to insure a recovery in ejectment, whether the act of 1871 be followed or not; whether bond to reconvey be given or not, or the wife's assent be had or not, these two conditions being prescribed by that act; it is enough if the debtor, in order to secure the creditor, actually passed the legal title to the creditor; in that event the creditor can recover in injectment, unless the debtor shall file his equitable plea that he has paid the debt, and on the hearing shall prove that he has paid it.

It may be troublesome to reconcile the ruling in 54 *Ga.*, 45, and subsequently, with some former decisions of this

court; but I cannot see how the act of 1871 can be invoked to reconcile them, except in cases to which that act applies and where it is followed; that is to say, where the bond to reconvey has been given, and the wife's consent be had, if there be a wife. See, also, *West vs. Bennett,* 59 *Ga.,* 507. I concur, therefore, in the judgment, but not in the reference to the act of 1871, as having changed at all the character of these conveyances sued on in this case.

We all agree, however, that it is now settled law that the legal title may pass to secure a debt without following the act of 1871, and in every case where it clearly appears that the security required and granted was not a statutory mortgage merely, but the actual and absolute title to the land passed, and was intended to pass, the debtor must pay the debt or give up the possession of the land. And why should it not be so, if he made a contract that it should be so?

Considering that such was the contract made in this case, and that the debtor has not complied with it, and paid the debt, I concur in the judgment which evicted him from the lands he had sold and conveyed absolutely to the creditor in order to secure the debt.