## THAXTON *et al. vs.* ROBERTS.

1. An absolute deed to land to secure a debt, even though there be a bond to reconvey on its payment, passes the legal title.

(*a*). Such title is not divested by the subsequent bankruptcy and discharge of the debtor; nor is it affected by the fact that he returned the land as his property in the bankrupt court.

2. The consent of the wife to a deed to secure a debt is not essential to the passing of title thereby.

3. That, subsequently to the making of such a deed, a homestead in the land has been set apart to the wife is no defense to an action of ejectment under the deed.

4. Where there has been a verdict and judgment in an action of ejectment upon a deed to land, although it may have been executed alone to secure a debt, it is conclusive between the parties and their privies upon all questions arising under the deed and its consideration which would have been the subject of a legal defense.

5. If questions of fact are submitted to a chancellor on an application for injunction, this court will not set aside his judgment thereon unless there is a manifest abuse of his discretion in deciding upon them.

Deeds. Title. Injunction. Bankruptcy. Homestead Husband and wife Before Judge STEWART. Butts County. At Chambers. February 9th, 1881.

Reported in the decision.

HENDRICK & WRIGHT; JOHN J. FLOYD, by HARRISON
& PEEPLES, for plaintiffs in error.

J. S. BOYNTON; F. D. DISMUKE, for defendant.

CRAWFORD, Justice.

On the 1st day of February, 1872, Wiley W. Thaxton
made an absolute deed conveying to L. T. Roberts a cer-
tain piece of land which is the subject matter of this liti-
gation, and Roberts gave bond to reconvey the premises
upon the payment to him of the sum of six hundred and
twenty-five dollars. This money was not paid at ma-
turity, nor has it been paid since.

In January, 1873, Mrs. M. E. Thaxton, the wife of
W. W. Thaxton, the grantor, filed her application for
homestead in the land conveyed, which was resisted by
Roberts before the ordinary, who granted the homestead
over the objections, and he appealed.

In 1880, having obtained a judgment in ejectment for
the land, his objections were withdrawn "before verdict
or judgment in the case, with leave of the court," and be-
cause of the said judgment he was no longer a creditor.

His action of ejectment had been returned to the March
term, 1877, and in 1878 a verdict was rendered in his favor,
and in March, 1880, a judgment *nunc pro tunc* was ordered
on the said verdict. A writ of possession having issued
and being about to be enforced, Mrs. M. E. Thaxton, in
behalf of herself and her three minor children, filed this
bill setting up that the deed upon which the recovery in
the ejectment suit was had, was void for usury; that the
land had been set apart to her and her children as home-
stead both by the bankrupt court and the ordinary of
Butts county; that there were defects in the service of
the ejectment suit, as also in the judgment rendered
thereon; that Thaxton had been discharged in bankruptcy
from all his debts; concluding with a prayer that the

question of usury in said note be tried and by decree settled; that the deed be declared void as a conveyance; that said verdict and judgment in ejectment be set aside and declared void as to them ; and that the said Roberts be perpetually enjoined from ever attempting to enforce the same to their injury.

The defendant answered the bill, denied the usury, claimed absolute title under his deed, an adjudication resulting in his favor in the ejectment suit, which was in conformity to law, and insisted upon the execution of his writ of possession.

Proofs were submitted in support of the bill and answer by the parties, and the chancellor, after argument had and considering the same, refused the injunction and ordered the writ of possession to proceed. That judgment under the facts aforesaid is the error alleged.

1. An absolute deed to land to secure a debt, even though there be a bond to re-convey on its payment, passes the legal title. Such title is not divested by the subsequent bankruptcy of the grantor, and his discharge from all his debts. Such discharge from debt could not re invest him with title ; he had parted with it, there was but one way provided by which he could claim a re-conveyance—that was to perform his contract ; returning it in bankruptcy as his, did not work a re-conveyance; if it did, it would be the shortest and easiest mode of paying a debt and obtaining title to another's land known to the law. All these principles were settled in the 57th *Ga.*, 601.

2. The bill alleges that the wife, who is the complainant, never consented to the deed. Neither is this necessary to pass the title, and the identical question was ruled in the 61 *Ga.*, 398.

3. A homestead in the land set apart to the wife is no defense to ejectment at the suit of the creditor when the debtor fails to pay. If, therefore, it be no defense to the debtor in the ejectment suit, much less would it be to one

claiming through him, after the ejectment had resulted in a recovery of the land on a bill to re-open and adjudicate the questions involved therein.   57 *Ga.*, 601 ;  59 *Ga.*, 507.

In the case of *Keith vs. Ketchen*, decided February term, 1880, not yet reported, it was held that a purchaser of the equitable interest of such grantor stood in the same relation to the property that he did, and must pay the money before he can claim the land.

4. Where there has been a verdict and judgment in an action of ejectment upon a deed to land, although it may have been executed alone to secure a debt, it is conclusive between the parties and their privies upon all questions arising under the deed and its consideration which would have been the subject of a legal defense.   32 *Ga.*, 363;  37 *Ib.*, 583;  22 *Ib.*, 60;  23 *Ib.*, 366.

5. If questions of fact are submitted to a chancellor on an application for injunction, this court will not set aside his judgment thereon, unless there is a manifest abuse of his discretion in deciding upon them.

Judgment affirmed.