## RoLAND, administrator, *vs.* COLEMAN & COMPANY.

1. A debtor made to his creditors an instrument in the form of a warranty deed. After the warranty clause followed a stipulation that "this conveyance is intended to operate as provided by an act of the general assembly of said state, and the act amendatory thereof, entitled an act to provide for sales of property to secure loans and other debts." It then recited the present indebtedness secured, and that a further indebtedness was contemplated, which should likewise be so secured; and it provided that if the indebtedness was not promptly paid at maturity, the creditors were authorized to sell the property at public outcry, after advertising it, and to make a title to the purchaser, and that the proceeds should be applied first to the payment of the debt and interest and the expenses of the proceeding, including attorney's fees, and that the remainder, if any, should be paid to the debtor:

*Held,* that the instrument conveyed the title to the property to the creditors, to secure the debt due them, and the power of sale being coupled with an interest, was not revoked by the death of the grantor.

(*a.*) This case differs from those of *Lathrop & Co. vs. Brown, ex'r, et al.,* 65 *Ga.,* 312; *Miller, trustee, vs. McDonald et al.,* 72 *Ga.,* 20; and *Wofford vs. Wyly et al., Ibid,* 863.

2. The record as to the sufficiency of the advertisement is not clear, but as the sale was postponed by the restraining order, a re-advertisement will be necessary, and this may be done properly.

3. The execution of the power to sell is not a suit against the administrator of the deceased debtor, so as to require a delay of twelve months before action can be taken.

May 1, 1886.

Deeds. Mortgages. Powers. Sales. Administrators and Executors. Principal and Agent. Before Judge SIMMONS. Bibb County. At Chambers. February 27, 1886.

D. T. Roland, administrator of David Roland, deceased, filed his bill against S. T. Coleman & Company to enjoin a sale which they were proceeding to make by virtue of the power of sale contained in a written instrument made by the intestate to the defendants, which is fully set out in the decision. The grounds for injunction set up by the bill were, in brief, as follows:

That the proceeding to sell seriously interfered with the administration of the estate; that the statutes secured to the complainant immunity from suit for twelve months; that the power of sale was revoked by the death of the intestate; that the property was legally in the hands of the administrator for distribution under the statutes, and could not be disturbed by the defendants, who were alleged to be mortgagees.

The defendants, in their answer, claimed that the instrument was a deed; they set up an indebtedness by note and by open account aggregating about $1,000, and by way of cross-bill prayed that the property be charged with such indebtedness, besides interest, costs and attorneys' fees, and that they be decreed to execute the power in the instrument; and when sale should be made, that it be reported to the court for confirmation, and if confirmed, that the purchaser be put in possession, and the proceeds be applied first to the payment of the defendants' claims and all costs and attorneys' fees incurred or to be incurred. Copies of the note held by the defendants and their open accounts were exhibited with the answer.

On the hearing, the chancellor refused the injunction, and the complainant excepted.

Nisbet, Edge & Nisbet, for plaintiff in error.

Dessau & Bartlett, for defendants.

Jackson, Chief Justice.

This is a bill brought by Roland, administrator, etc., *vs.* S. T. Coleman & Company to enjoin that firm from selling certain lands conveyed to them to secure a debt. The chancellor refused the writ, and the complainant excepted.

Is the paper a mortgage, or is it a deed which passes the title absolutely to Coleman & Company to secure certain indebtedness, with power to sell in order to pay the debt?

The instrument conveys the title in the usual form and

in the use of the ordinary words of conveyance in a deed, and then comes the usual *habendum* and *tenendum* clause, and the warranty of title, and then follows this stipulation:

" This conveyance is intended to operate as provided by an act of the general assembly of said state, and the act amendatory thereof, entitled an act to provide for sales of property to secure loans and other debts; the debt hereby secured being $950.00, as shown by note of this date, payable one day after date; and whereas, the said D. Roland, being engaged in mercantile business, may in the future desire further credits from the said S. T. Coleman & Company, and to secure the payment of which this conveyance is also given, the said D. Roland agrees that, if the debt to secure which this deed is made is not promptly paid at maturity, including bills for future purchases or advances according to the tenor and effect of the same, then the said S. T. Coleman & Company may, and by these presents are authorized to sell at public outcry, to the highest bidder for cash, all of said property, or a sufficiency thereof to pay said indebtedness as may then be owing, with interest and the cost of the proceeding, after advertising the time, place and terms of sale in the Telegraph and Messenger for four weeks, and the said S. T. Coleman & Company may make to the purchaser or purchasers of said property, good and sufficient titles in fee simple to the same, thereby divesting out of the said D. Roland all right, title and equity that he may have in and to said property, and vesting the same in the purchaser or purchasers aforesaid. The proceeds of said sale are to be applied first to the payment of said debt and interest, and expenses of this proceeding, which expense is to include attorneys' fees and any other expense incurred in the premises, the remainder, if any, to pay to said D. Roland. In witness whereof," etc.

It has been held repeatedly by this court that a conveyance of absolute title may be made to a creditor to secure a debt, outside of the Code, §§1969, 1970, 1971. *Biggers vs. Bird et al.*, 55 *Ga.*, 650, following *Lackey vs. Bostwick*, 54 *Ga.*, 45, and followed by *Broach vs. Barfield et al.*, 57 *Ga.*, 601; *West vs. Bennett*, 59 *Id.*, 507; *Gibson vs. Hough & Sons*, 60 *Id.*, 588; *Braswell vs. Suber*, 61 *Id.*, 398; *Carter vs. Gunn*, 64 *Id.*, 651; *Thaxton vs. Roberts*, 66 *Id.*, 704.

Therefore, this conveyance, in the words used, not only in the terms of the deed up to the close of the warranty, but in the words that the conveyance is intended to operate as provided in certain acts " to provide for the sales"

(not mortgages) " of property to secure loans and other debts," does pass title to Coleman & Company, and the only equity which the administrator of the grantor has is to tender payment of the debt secured, and thus to stop the sale, as the cases cited and others in our reports abundantly show.

This conveyance also has a power to sell, coupled with a big interest in the property, even the title to it to secure the debt, and therefore the power is irrevocable, and does not die with the grantor. *Woodson vs. Veal*, 60 *Ga.*, 562; *Calloway vs. The People's Bank of Bellefontaine et al.*, 54 *Ga.*, 441.

*Lathrop & Co. vs. Brown, ex'r, et al.*, 65 *Ga.*, 312, was a mere mortgage with power to sell, which was revocable, and died with the mortgagor, the mortgagees having no interest in the thing, but only in the proceeds. And such is the fact also in *Miller, trustee, vs. McDonald et al.*, 72 *Ga.*, 20; *Wofford vs. Wyly et al., Ib.*, 863, is also clearly distinguishable, as no time was fixed for the payment of the money, and there was a written obligation to re-convey and no power to sell, but nothing ruled there conflicts with aught said here. There were mortgages with power to sell without regular foreclosure, but with no pretense that the title passed. In the case at bar, the title did pass, and this great interest in the land itself made the power here irrevocable after the grantor's death.

2. A point was made on the sufficiency of the advertisement. The record is not clear about it, but inasmuch as the sale was postponed by the restraining order, it must be re-advertised any way, and then it can be made to follow the power to sell and its terms. If advice be needed thereon, the chancellor will doubtless give it.

3. This is not such a suit against the administrator as must wait twelve months to be brought. It is no suit at all. It is the execution of a power to sell under a power given in a deed passing title out of the decedent and vesting it in the grantees for the purpose of selling it and pass-

ing title to the purchaser in bar of all equities of the grantor. If the title be not in the estate of decedent, the property is not assets to be handled by the administrator. Whatever rights he may have growing out of a settlement of accounts between defendants in error and his intestate will attach to the proceeds of sale, and Coleman & Company are perfectly solvent and able to account.

Judgment affirmed.