CRAWFORD *et al.* *vs.* PRITCHARD *et al.*

When a creditor, who had taken a deed from his debtor to secure the debt, pursued the statute, (code, §1917,) sued his claim to judgment, filed a deed reconveying to his debtor the land in question, had his execution levied thereon, and the property was sold at judicial sale to him; after he obtained the sheriff's deed, his title, legal and equitable, became complete and indefeasible. (Rep.)

(a) Certainly the debtor could not redeem when the sheriff's sale occurred in 1879, the debtor was expelled from the premises, and no steps were taken to redeem or recover possession until 1886, the offer to redeem being delayed until 1887 at the trial of an ejectment cause brought by the debtor and his wife against alleged tenants of the creditor or of his estate. (Rep.)

(b) *Broach vs. Barfield*, 57 *Ga.* 601, is not in point; and from various other cases cited the right to redeem cannot be deduced, in the state of circumstances existing in the present case. (Rep.)

June 1, 1888.

Debtor and creditor. Deeds. Redemption. Lapse of time. Before Judge JOHN T. CLARKE. Terrell superior court. November term, 1887.

In November, 1886, Martha C. Crawford and W. H. Crawford brought their action of ejectment against W. R. Pritchard and James H. Pritchard for certain lands in Terrell county, laying a several demise from each of the lessors to John Doe. The defendants pleaded not guilty.

On the trial, the plaintiffs relied on the demise in the name of Mrs. Martha Crawford, setting up a homestead of herself and children in the premises, and introduced the following evidence : A deed from John Lawhorn to J. M. Lawhorn to W. H. Crawford, dated August 12, 1857, to part of the land in dispute. A deed from Daniel Lawhorn to W. H. Crawford, dated September 5, 1853, to another part. A deed from Sampson Beall to W. H. Crawford, dated December 11, 1874, to the remaining part. A homestead taken in the land by Mrs. Martha Crawford, wife of W. H. Crawford, for herself and minor children, her husband declining to apply, in November, 1887.

W. H. Crawford testified to the execution of the deeds mentioned; that he took possession of the premises under these deeds at the time they were made, and remained in possession until turned out by the sheriff, who put Moses Baldwin in possession in January, 1880; that witness claimed 100 acres of these lands and built houses on them; that from 1880 to the time of trial, their use was worth $25 per annum, and that defendants, in 1881, 1883 and 1885, cleared 70 acres and built two small houses worth $60, the clearing being worth $4 per acre and the rent $2 per acre per annum. William Baldwin testified that his father, Moses Baldwin, claimed title to the premises in dispute under W. H. Crawford. J. G. Parks testified that, about ten years before, Crawford was his client, and placed in his hands a bond for titles made by Moses H. Baldwin to Crawford, as witness thinks, but does not distinctly remember the

terms of the bond ; and that afterwards he sent the bond to Crawford by mail and has not seen it since. Crawford, reintroduced, testified that he had no recollection of having received the bond from Parks, and if he did it was lost ; and that it was made by Baldwin the day the deed was executed by witness to Baldwin, and provided, that Baldwin should reconvey the premises to him on payments of the money ($585) and interest specified in the deed.

The defendants relied solely on a warranty deed, bearing date February 11, 1876, from W. H. Crawford to Moses H. Baldwin, signed by Crawford alone, conveying the premises in dispute for a consideration of $585.

The jury found for the defendants. The plaintiffs moved for a new trial on the following grounds :

(1) Because the verdict was contrary to law and evidence.

(2) Because the court refused to allow plaintiffs to amend their declaration by setting up that, in 1875, Moses H. Baldwin, then in life, loaned to W. H. Crawford, husband of Martha Crawford, $450, at a rate of interest of two per cent. per month ; that in 1876, to secure the loan, Baldwin took from Crawford the deed to the premises in dispute and gave a bond to reconvey upon payment of the debt, and afterwards reduced the debt to judgment, filed his deed and had the land sold at sheriff's sale on the first Tuesday in January, 1879, and there purchased it in payment of his debt for $810 ; that afterwards Baldwin, by lease or executory contract, conveyed the premises to defendants, and in 1880 put them in possession, turning out Crawford ; that the defendants well knew the rights of Crawford and wife, and have never paid any part of the purchase money ; that Moses H. Baldwin is dead, and A. J. and W. R. Baldwin are his executors ; and that Crawford proposes to redeem the land and tender the whole amount of purchase money

due thereon, and for that purpose asks that the executors named be made co-defendants; also that an investigation be ordered to ascertain the amount due, and a verdict be rendered so as to cancel the contract held by defendants; that the executors be required to reconvey the premises to Crawford on payment of the money; and that the verdict be shaped so as to protect the rights of all parties.—This amendment was refused, the court holding that when the property was sold by the sheriff, the right to redeem was lost.

(3) Because the court refused to allow Crawford to testify that the consideration of his deed to Baldwin was infected with usury. The court refused to admit this evidence on the ground that Baldwin was dead.

(4) Because of error in charging that if, before the date of the homestead, Crawford had made a deed to Baldwin to secure a loan from Baldwin to him, and Baldwin executed to him a bond to reconvey on payment, if the wife did not sign the deed or consent to the same, the verdict should be for the defendants.

The motion was overruled; and the plaintiffs excepted to such overruling, and especially to the refusal to allow the amendment.

D. A. VASON and G. W. WARWICK, for plaintiffs.

J. H. GUERRY and HOYL & PARKS, for defendants.

BLECKLEY, Chief Justice.

The sole question argued in this case by the plaintiff in error was, as to the right to redeem, notwithstanding that the statute had been pursued as to making a deed, filing the same in the clerk's office, and selling the land under a judgment, in terms of §1970 of the code. That section provides that, "when any judgment shall be ren-

dered in any of the courts of this State upon any note or other evidence of debt, which such conveyance of realty was made and intended to secure, it shall and may be lawful for the vendee to make and file, and have recorded in the clerk's office of the superior court of the county wherein the land lies, a good and sufficient deed of conveyance to the defendant for said land; and if the said obligor be dead, then his executor or administrator may, in like manner, make and file such deed without obtaining an order of the court for that purpose, whereupon the same may be levied on and sold under said judgment, as in other cases; provided that the said judgment shall take lien upon the land prior to any other judgment or encumbrance against the defendant." In this case it appears that the sale took place in 1879; that the proceeds were sufficient to pay off the debt; that the debtor was expelled from possession of the premises, and that no steps were taken to redeem or to recover possession until 1886; and this offer to redeem was delayed till the trial of the ejectment cause in 1887, more than seven years after the sale took place. We think it was entirely too late; indeed we know of no law which recognizes the right of a debtor to redeem at all after the statute has been pursued to a conclusion and the debt paid off from the proceeds of the property. We were referred to *Broach vs. Barfield*, 57 *Ga.* 601, as a case which gives countenance to the supposed right; but it is not in point. The other cases cited are, *Sugart vs. Mays*, 54 *Ga.* 554; *Carswell vs. Hartridge*, 55 *Ga.* 414; *Isaacs vs. Tinley*, 58 *Ga.* 457; *West vs. Bennett*, 59 *Ga.* 507; *Carter vs. Gunn*, 64 *Ga.* 651; *Thaxton vs. Roberts*, 66 *Ga.* 704; *Dykes vs. McVay*, 67 *Ga.* 504; *Oellrich vs. Georgia Railroad*, 73 *Ga.* 389; *Owen vs. Gibson*, 74 *Ga.* 465; but from none of these can the right to redeem be deduced in the state of circumstances shown to exist in the present case. We think the title, legal and equi-

table, of the creditor, became complete and indefeasible when, after pursuing the statute, he obtained the sheriff's deed conveying to him as a purchaser at the official sale the property now in dispute.

The court did not err in refusing to grant a new trial. Judgment affirmed.