PIRKLE *v.* EQUITABLE MORTGAGE COMPANY.

1. An instrument purporting on its face to secure a described debt, though in the form of a deed to land, and itself declaring that it was "given under and by virtue of section 1969 of the code of Georgia," does not fall within the provisions of that section unless there was a bond to reconvey the land upon payment of the debt.

2. Where such an instrument contains nothing to indicate that there was no bond for a reconveyance, it will be presumed that such a bond was given. If, however, the instrument recites that upon payment of the debt thereby secured, "this deed shall be cancelled and surrendered in accordance with the act of the General Assembly of Georgia, approved November 12th, 1889" (Acts of 1889, p. 118), the presumption would be that there was no bond; but this presumption could be rebutted by proving that, in point of fact, a bond was given.

3. It not affirmatively appearing in the present case that there was a bond to reconvey, and the presumption because of a recital in the alleged deed in the words above quoted being to the contrary, and the condition expressed in the recital above indicated to the effect that the instrument shall be void on payment of the debt being equivalent to the defeasance clause usually inserted in mortgages, the court erred in treating the instrument in question as a conveyance passing title and not as a mere mortgage, and consequently erred further in dismissing the plaintiff's petition.

May 11, 1896. Argued at the last term.

Equitable petition. Before Judge Gober. Forsyth superior court. August term, 1895.

*H. P. Bell,* for plaintiff.

*Payne & Tye* and *James & Bell,* for defendant.

ATKINSON, Justice.

William J. Pirkle executed in favor of the Equitable Mortgage Company a conveyance to the premises in dispute, which, after the *habendum* clause, contained the following recital:

"This deed is given under and by virtue of section 1969 of the Code of Georgia, to secure the payment by the said first party to the said second party of the sum of five hun-

dred and ninety-one 25-100 dollars, on the first day of May, A. D. 1895, with interest on the same from this date until paid, at the rate of six per cent. per annum, payable annually on the first day of May in each year, according to the tenor and effect of the one bond or promissory note and interest coupons executed and delivered by said party of the first part and bearing even date herewith, payable at the office of the Equitable Mortgage Company in New York City; and if said bond or promissory note and the interest thereon shall be paid according to the tenor and effect thereof when the same shall become due and payable, and if said first party shall well and truly keep and perform all and singular the covenants, conditions, stipulations and agreements herein contained for said first party to keep and perform, then this deed shall be cancelled and surrendered in accordance with the act of the General Assembly of Georgia, approved November 12th, 1889."

In addition to this, the instrument thus executed contained a power of sale, which authorized the grantee, the Equitable Mortgage Company, in case of default, to proceed, without foreclosure, to sell the premises described, and convey the same to the purchaser.

It does not appear from the record in this case that any bond to reconvey was executed, in accordance with the provisions of §1969 *et seq.* of the code. After the execution of this instrument, the grantor, William J. Pirkle, died, and his widow caused the premises in dispute to be set apart and assigned to her as dower. The mortgage company was proceeding to sell the property set apart to her as dower, under and by virtue of the power of sale. She filed a petition, alleging that her right to the premises assigned to her by virtue of her right of dower was superior to that of the mortgage company, and praying an injunction against the sale of the property under the power; and upon the trial of the issue thus made, both the record of the assignment of dower and the instrument above referred to being introduced in evidence, the court dismissed the plaintiff's petition, refusing the injunction prayed for. So that

the question is presented, whether the dower right of the widow was superior to that of the Equitable Mortgage Company, acquired under and by virtue of the instrument executed in its favor by her husband.

The dower right of the wife, under the provisions of our law, attaches to all of the property of which the husband died seized and possessed, and if in his lifetime he parted with his title, the right of dower would not exist in favor of the wife in the property thus conveyed by him; for, in such a case, he would not have died seized and possessed of the property in question. The question then is, did the instrument executed by him amount in law to an alienation of the property to which it relates? The test as to whether the instrument amounts to a conveyance or not, depends upon whether upon its face it purports to convey to the purchaser an indefeasible title. The mere fact that title is conveyed as a security for the payment of a debt does not of itself operate to defeat its effect as a conveyance of title. If it be absolute upon its face, and does not purport to secure a debt, though in fact made for this purpose only, and though there be independently of it a bond to reconvey upon the payment of the debt, it passes the title. It is perfectly competent for one to pledge the title to the payment of a debt, and it does not affect its efficacy as a conveyance that there is along with it an instrument by which the vendee undertakes to reconvey upon the payment of the debt it was given to secure. This proposition has been well settled by repeated adjudication of this court. See 54 *Ga.* 45; 55 *Ga.* 650; 57 *Ga.* 601; 59 *Ga.* 507; 60 *Ga.* 588; 66 *Ga.* 704; 72 *Ga.* 863. And to the point that an agreement to reconvey written on the deed, the deed itself not purporting to be given as security for the payment of the debt, did not prevent title from passing, see 78 *Ga.* 786. So likewise it has been held that an instrument, though on its face purporting to secure a debt, if absolute, and with no clause of defeasance or stipulation

therein to reconvey, passes title. 64 *Ga.* 651. In that case the majority of the court held that the instrument passed title under section 1969 of the code, but as that section was not mentioned in the conveyance under consideration, Jackson, Justice, while not agreeing to the soundness of the conclusion reached by the majority, properly held the instrument to be a good conveyance, outside and independent of the provisions of §1969 of the code. It was likewise held that a deed on its face purporting to secure a debt, though it contained a homestead waiver, and power of sale, nevertheless passed title, if it contained no clause of defeasance. *Brice* v. *Lane, adm'r*, 90 *Ga.* 294.

A conveyance made under section 1969 of the code, which purports upon its face to secure a debt, passes title not because of the force and effect of the form of the conveyance, but because the statute expressly provides that it shall have that effect; but, in order to bring a deed purporting to be executed under that section of the code within its provisions, it is indispensable that a bond for title should be executed in accordance with its terms. 59 *Ga.* 500; 93 *Ga.* 667, 671-2; see also 83 *Ga.* 302. An instrument which on its face purports to secure a debt, though purporting to vest title, if it does not fall within the provisions of §1969 of the code, but contains a defeasance clause or its equivalent, is a mortgage, and does not pass the title. *Frost* v. *Allen*, 57 *Ga.* 326; 92 *Ga.* 675.

In the case of *Cameron, trustee*, v. *Phillips*, 60 *Ga.* 434, this court held, that though there was a defeasance clause in the conveyance, the absolute title did not pass, but only the right to recover possession. See also, as to the legal effect of this conveyance, the opinion of Lumpkin, Justice, in the case of *Holliday* v. *Lowry Banking Company*, 92 *Ga.* 681.

From these rulings of the court we conclude, that unless an instrument be expressly executed in accordance with the terms of section 1969 of the code, its character, whether

it be a deed or a mortgage, depends upon whether or not
upon its face it contains a clause of defeasance. If inde-
feasible according to its terms, the title passes, and the ti-
tle of the grantor can be only revested by payment of the
debt it was given to secure, but if it contain a clause of de-
feasance, it becomes a mortgage, and being a mortgage,
does not pass the title of the grantor to the grantee.

Where the conveyance expressly recites that it was ex-
ecuted in accordance with section 1969 of the code, it will
be presumed that a bond for title was given. 93 *Ga.* 671.
But if the deed itself negatives the idea that there was a
bond, the presumption above referred to stands rebutted.
In the case of *Roland, adm'r,* v. *Coleman & Company,*
76 *Ga.* 652, the deed then under review recited that it
was the purpose of the parties that it should operate in ac-
cordance with the terms of section 1969 of the code, and
it not appearing that a bond was not in fact given, the pre-
sumption was that the bond was given, and hence the in-
strument, nothing further appearing, was held to pass the
title, in accordance with that section of the code.

It will be seen by an examination of the record in the
present case, that while the instrument now under consid-
eration purports to have been executed in accordance with
the provisions of §1969 of the code, there is no recital con-
tained in it to the effect that a bond for title was in fact
given, but on the contrary it contains an express clause of
defeasance not provided for by that section of the code,
and this clause of defeasance, written in the face of the
instrument, negatives the idea that the bond to reconvey
was executed, because, if a bond to reconvey was in fact
executed, then the clause of defeasance was altogether
unnecessary. The instrument now under review contains
the provision that "this deed shall be cancelled and sur-
rendered in accordance with the act of the General Assem-
bly, approved November 12th, 1889." That act provides,
"That in all cases where property may have been or may

hereafter be conveyed to secure a debt, the surrender and cancellation of such deed, in the same manner that mortgages are now cancelled, on payment of such debt to any person legally authorized to receive the same, shall operate to reconvey the title to said property to the grantor, his heirs, executors, administrators or assigns," &c., &c. Acts of 1889, p. 118. In the absence then of any evidence to the effect that a bond for title was in fact given, the insertion of this provision of defeasance negatives primarily the idea that a bond for title was in fact given. The provision last referred to is not a substitute for the bond for title provided for in section 1969 *et seq.* of the code. As we have seen, an instrument executed under that section becomes a title only by force of statute, and it is only where the bond has been given that the statute declares such a conveyance to be an absolute conveyance, and to pass the title. Judged by its face, the instrument now under consideration was a mortgage. It appeared upon its face to have been given as security for a debt. The title conveyed was defeasible. It expressed within itself a condition upon which it should become void as title; and while, if it had been executed in all respects in accordance with section 1969 of the code, a clause of defeasance expressed in the face of this instrument might not have had the effect to defeat its efficacy as a conveyance, yet in the absence of any evidence to the contrary, it must be presumed that the clause of defeasance was intended to be given effect, and that the parties in making this contract dispensed with the bond. If the bond were dispensed with, then the conveyance amounted to nothing more than a mortgage, and did not have the effect to pass the title. Whether or not a bond was in fact given may hereafter be established; but we are fully persuaded that in the absence of any evidence that such an instrument had in fact been executed, the court erred in deciding in favor of the Equitable Mortgage Company, that the instrument executed by Pirkle passed to it

the legal title to the premises.    This being true, it follows that the dower right of the wife was superior to its right to exercise the power of sale, and consequently the court erred in dismissing her petition.

*Judgment reversed.*