## WARD et al. v. LORD.

An instrument which purports to convey absolute title to personal property to secure a described promissory note, but which recites that the property is to be held in trust for the payment of that note, is executed and discharged by the fact of such payment and the legal title in the grantee is then defeated. The creation of the trust for the purpose stated is the same in effect as the insertion of a defeasance clause in the instrument; and this being true, such instrument is a mortgage, and not a bill of sale which passes indefeasible title.

Submitted January 21,—Decided March 5, 1897.

Appeal. Before Judge Gamble. Washington superior court. March term, 1896.

*J. N. Rogers* and *Rawlings & Hardwick*, for plaintiffs in error. *Evans & Evans*, contra.

LITTLE, Justice.

On May 10th, 1894, H. Q. Ward executed to Iverson Lord & Co. his certain promissory note for $1,600.00. At the same time Ward executed to Lord an instrument reciting that, in consideration of $1,600.00 to him paid by Iverson Lord & Co., he granted, bargained, sold and confirmed unto them, their heirs and assigns, certain personalty fully set out and described in the instrument. This instrument contained other provisions and stipulations which will be hereafter referred to. On November 2d, 1894, Ward died, and Mrs. Ward and her children had duly set apart for them out of the property of the deceased a year's support, consisting of all the furniture and $560.00 in money to be realized from the estate of said deceased. The setting apart of this year's support was confirmed by the judgment of the court of ordinary on January 8th, 1895. Iverson Lord, as a member of the firm of Iverson Lord & Co., who claimed to be the largest creditors, qualified as administrator of Ward's estate, and as such took possession of the property of the deceased, which it seems consisted of certain furniture embraced and

set apart in the year's support, the personalty embraced in the instrument from Ward to Lord above mentioned, and in addition other personalty valued at $30.00. In the administration of the estate, Lord turned over to Mrs. Ward and her children, under their judgment for year's support, the furniture belonging to the estate of his intestate and embraced within the judgment in their favor, together with the $30.00 worth of personalty heretofore indicated; and turned over the balance of the property, all of which was embraced in the instrument from Ward to Lord & Co., to the latter firm, who sold the same under a power of sale contained in said instrument, appropriating the proceeds thereof to their own use and benefit. After thus administering the estate, Lord applied to the ordinary for letters of dismission, which were granted; from which judgment Mrs. Ward and her children entered an appeal to the superior court, before which latter court the appeal was tried without a jury, upon an agreed statement of facts. In this "agreed statement of facts" it was admitted that the estate of Ward had been fully administered, if the instrument from Ward to Lord & Co. was, in legal contemplation, a bill of sale and a conveyance of title; but if the instrument was a mere mortgage and the title had never passed out of the estate of Ward, then and in that event the property embraced in the instrument was subject to administration and should be applied to the payment of the year's support, inasmuch as the judgment therefor had not been satisfied, and there was no other property of the estate out of which it could be paid, unless resort should be had to the property described in the instrument, which property it was also admitted was insufficient in value "to pay the debt secured thereby."

The instrument from Ward to Lord & Co. being, of course, older than the judgment for year's support in favor of Mrs. Ward and her children, would prevail as against the latter, provided the former was in law an absolute bill of sale and conveyance of title to the personalty described;

but if, on the other hand, the effect of the instrument was merely to create a lien upon the property described, then the judgment for year's support would prevail over the claim of Lord & Co. under that instrument, and the property described therein would be subject to administration, and in the course of such administration, should be applied to the satisfaction of the judgment for year's support in favor of Mrs. Ward and her children. The precise question, therefore, which we are called upon to determine is, whether the instrument in question was in law a bill of sale, the effect of which would be to pass title to the personalty therein described to Lord & Co.; or whether such instrument was merely a chattel mortgage, creating a lien upon such personalty. Hence it becomes material to ascertain some of the characteristics of a mortgage, as distinguished from a bill of sale or conveyance of title.

At common law the legal estate vested in the mortgagee and was forfeited by default. The title passed to the mortgagee by the deed. The mortgagee had something more than a mere lien; he had a transfer of the property itself and a legal estate in it, giving him a standing at law as well as in equity. 1 Jones on Mortgages (5th ed.), §11. It is the conveyance of an estate by way of pledge for the security of debt, and to become void on payment of it. The legal ownership is vested in the creditor. 4 Kent Com. (12th ed.) 138, bottom. At law a tender of payment, in order to defeat the estate of the mortgagee, had to be made at or before the "law day," as the day for payment is called; and if not so made, the mortgagee could bring ejectment and obtain possession of the land. 15 American & Eng. Ency. Law, p. 730. The common law courts relentlessly adhered to the terms of the instrument, by which the legal estate was vested in the mortgagee, but subject to become absolute upon default. Goodtitle v. Notitle, 11 Moore, 491; Doe v. Clifton, 4 Ad. & E. 809. The courts of equity, however, established the right of redemp-

tion after default. The legal title passed to the mortgagee
by the deed, but the mortgagor had after default a right to
redeem, which he might enforce in equity. Under the com-
mon law system a mortgage is one thing at law and another
in equity; in the one court it was held to pass an estate, and
in the other it operated as a security only. We find it un-
necessary, however, to discuss at length the principles which
were applied in equity. The legal status of the mortgage
at common law was a conveyance of title to the creditor, de-
feasible upon payment of a sum of money, or the doing of
some other act, or becoming absolute upon default. Lund
v. Lund, 1 N. H. 39, 41. By the provisions of our Civil
Code, §2723, a mortgage is declared to be only a security for
a debt; and it is further declared, in derogation of the com-
mon law, that it passes no title. However, by the provisions
of sections 2771 et seq. of the Civil Code, a method is pro-
vided whereby for the security of any debt a deed may be
executed which will pass the title to the vendee or grantee
till the debt or debts which the conveyance was made to
secure shall be fully paid; and it is there declared that such
deed shall be held by the courts of this State to be an abso-
lute conveyance, with the right reserved by the vendor to
have said property reconveyed to him upon the payment of
the debt or debts intended to be secured agreeably to the
terms of the contract, and not a mortgage. We find, too, re-
ported cases seeming to rule in effect that a conveyance of
absolute title may be made to a creditor to secure a debt
outside of the Code provisions above referred to. In the
case of *Roland* v. *Coleman*, 76 *Ga.* 652, where a convey-
ance came under review, which expressly declared that it was
intended to operate as provided by an act of the General
Assembly and the act amendatory thereof, entitled an act to
provide for sales of property to secure loans and other debts,
Chief Justice Jackson, delivering the opinion of the court,
says: "It has been been held repeatedly by this court that a
conveyance of absolute title may be made to a creditor to

secure a debt, outside of the Code, §§1969, 1970, 1971"
(now embraced in section 2771 et seq. of the Civil Code),
in support of which he cites a number of previous adjudica-
tions of this court. This court has in a number of instances,
where absolute and unconditional deeds have been made to
property, and at the same time bond for titles delivered or
other instruments providing for a surrender of the deeds or
reconveyance of the property on payment of the debts which
the deeds were made to secure, sustained such deeds as pass-
ing title, notwithstanding they were made to secure indebt-
edness. *Biggers* v. *Bird*, 55 *Ga.* 650; *Broach* v. *Bar-
field*, 57 *Ga.* 601; *West* v. *Bennett*, 59 *Ga.* 507; *Gibson* v.
*Hough*, 60 *Ga.* 588; *Thaxton* v. *Roberts*, 66 *Ga.* 704;
*Wofford* v. *Wyly*, 72 *Ga.* 863. In the cases of *Lackey* v.
*Bostwick*, 54 *Ga.* 45, and *Braswell* v. *Suber*, 61 *Ga.* 398,
the instruments upheld as passing title were on their face
absolute and unconditional, containing no clause of defeas-
ance, and no bond or other instrument for reconveyance ap-
pearing. In the case of *Carter* v. *Gunn*, 64 *Ga.* 651, where
the instrument purported on its face to have been made to
secure a debt, but which, however, concluded with the
habendum, tenendum and warranty clauses, this court ruled
that such instrument was not a mere mortgage, but that
under the act of 1871 (codified in sections 2771 et seq. of
the Civil Code) it carried title with right to have reconvey-
ance on payment of the debt. Justice Jackson, however,
concurring, announced that in his judgment the case did not
rest on the act of 1871, but was independent of that act and
not at all controlled by it. In the case of *Jay* v. *Whelchel*,
78 *Ga.* 786, it was held that a deed of bargain and sale abso-
lute in its terms, and purporting to convey the fee in consid-
eration of ninety dollars in hand paid, passes title; and an en-
try endorsed upon it and signed by the grantee to the effect
that the deed is to be returned by the grantor cancelled, on
condition that the grantor shall pay to the grantee ninety dol-
lars by a specified time with interest, does not convert the in-

strument into a mere mortgage. In the opinion of the court delivered by Bleckley, Chief Justice, it is said (referring to the entry endorsed on the instrument): "It will be noticed that this entry does not recite that there is any debt due from one of these parties to the other. It simply gives an option to the party who made the deed to have it returned cancelled, on condition that he pays the sum specified, with interest from date, and a time is appointed for the payment to be made. Now this may have been a debt, or it may have been a contract simply to allow the maker of the deed to have the land back on condition that he paid for it the price agreed upon. The parties did not put in writing, either in the deed itself or the endorsement, any evidence that it was made to secure a debt. They left that in parol; and to constitute a mere mortgage passing no title and creating only a lien, the mortgage as a whole must be in writing. It must show a debt and it must show a purpose to secure the payment of the debt. There could be no action maintained upon this endorsement in favor of the holder of the deed against the maker. It contains no promise to pay; no obligation was taken by Jay upon himself to pay the ninety dollars. He simply had the option to make the payment and to get his deed back if he did make it." Again in the case of *Brice* v. *Lane*, 90 *Ga.* 294, it was ruled that the instrument there under review, although on its face it purported to secure a debt, and notwithstanding the promise to pay such debt appearing in the same instrument which contained a homestead waiver, amounted to a conveyance of the title. From an inspection of the terms of the instrument set out in that case, it will be observed that the conveyance of the title was absolute and unconditional, and that the payment or non-payment of the indebtedness by the grantor was expressly made to operate as a limitation only upon the exercise of the power of sale contained in the instrument. The effect of the ruling there made was, that the instrument contained no clause of defeasance and passed title, leaving in

the grantor only an equity of redemption, of which he could avail himself by paying the indebtedness and calling upon the grantee for a reconveyance.  It will be noted that in many of the cases referred to, the instruments did not purport to have been made for the purpose of securing indebtedness, and that none of them contained any provision whereby the estate conveyed would be defeated upon payment of the debt.  Our Civil Code, §2724, declares that no particular form is necessary to constitute a mortgage; that it must clearly indicate the creation of a lien, specify the debt to secure which it is given and the property upon which it is to take effect.  In the case of *Frost* v. *Allen*, 57 *Ga.* 326, the court, in construing an instrument which, after reciting that the makers were indebted to F. in an amount named, for which a note had been given, conveyed to him certain personalty, specifying that it was intended that the title should pass, and provided further that if the note was not paid when due, F. should take possession of said property and, after advertising, sell it and apply the proceeds to the debt; that if the note was met at maturity, he should reconvey by quitclaim deed, held that the instrument was a mortgage.  This ruling was adhered to and followed in the case of *Holliday* v. *Lowry Banking Co.*, 92 *Ga.* 675.  In the instrument referred to in the *Frost* case, there was a specification of a debt and a description of the property intended to secure its payment, and a further clause defeating the grantee's estate upon payment of the debt.

In view of these authorities, how stands the case at bar? It appears from the record that Ward executed to Lord & Co. a promissory note for $1,600.00, in which he expressly waived and renounced the homestead exemption, signed the same under seal, and immediately following this note and on the same sheet of paper appears the instrument which this court is now asked to construe.  In this instrument it is recited that in consideration of $1,600.00 to him in hand paid by Iverson Lord & Co., Ward has granted, bargained,

sold and confirmed, etc., unto said Lord & Co., their heirs and assigns, the following personal property (describing it), "to have and to hold the same to the benefit and behoof of the said Iverson Lord & Co., their heirs and assigns forever, in fee simple. Said personal property to be held in trust for the payment of a note this day given said Iverson Lord & Co. by me for the sum of $1,600.00; the title to said personal property to remain in said Iverson Lord & Co. until said note is paid in full." Treating this instrument as passing title to the property, it nevertheless contains words which create an executory trust. On payment of the note the trust would become executed, the effect of which would be that all right in the grantee to the property would be defeated and the creditor be restored to his original position. Civil Code, §3157. The creation of the trust for the purpose stated is the same in effect as the insertion of a defeasance clause in the instrument; it is equivalent to a stipulation that upon payment of the note the force and effect of the instrument should cease; indeed it is expressly stated in the instrument that the title is to remain in the grantee until the note is paid. The plain import of this language is that it shall not remain in the grantee after the note is paid. Within the body of this instrument we find a debt specified, a promise to pay, property pledged for its payment, and the equivalent of a stipulation that the force and effect of the instrument shall cease upon payment of the debt. It purports to convey title, but carries with it an unmistakable defeasance clause which classifies it among those instruments known to the law as mortgages.

*Let the judgment of the court below be reversed.   All the Justices concurring.*