## WILLIAMSON *v.* ORIENT INSURANCE CO.

1. Though a deed to realty purporting upon its face to have been made for the purpose of securing a debt, and reciting that it was executed under the provisions of section 1969 of the Code of 1882 (Civil Code, §2771), did not fall strictly within the provisions of that section, for the reason that there was no bond to reconvey upon the payment of the debt, yet if such deed by its express terms conclusively manifested an intention on the part of the maker to pass title to the grantee and contained no defeasance clause or other language authorizing it to be construed as a mortgage only, the mere reference in the deed to the section above mentioned and the grantee's failure to execute and deliver to the grantor a bond for titles did not affect the efficiency or validity of the paper as an instrument passing title, but its effect was to pass title to the grantee.

2. The precise question ruled upon in the preceding note was not really involved in the case of *Pirkle* v. *Equitable Mortgage Company*, 99 *Ga.* 524, because the instrument under construction in that case contained what this court treated as a defeasance clause giving to the paper the character of a mortgage, and the instrument now passed upon contains no such clause.  In so far, therefore, as any language used in that case purports or undertakes to deal with the identical question at present before the court, it is obiter and consequently not binding as authority.

3. There was no error in directing a verdict for the defendant; this being an action upon a policy of fire insurance, containing a stipulation that the policy was to be void "if the interest of the insured be other than unconditional and sole ownership," and it appearing that before the policy was issued the insured had executed a deed conveying to another the title to the building insured.

Argued April 14,—Decided August 7, 1897.

Action on insurance policy.   Before Judge Harris.   City court of Floyd county.   June term, 1896.

*McHenry, Nunnally & Neel*, for plaintiff.   *Fouche & Fouche* and *Glenn, Slaton & Phillips*, for defendant.

COBB, Justice.

Mrs. Williamson brought suit against the Orient Insurance Company upon a policy of fire insurance. The policy contained a stipulation, that it should be void "if the interest of the insured be other than unconditional and sole ownership." The defendant pleaded, that prior to the issuance of the policy the plaintiff had conveyed the property in fee simple, and that at the date of the policy she was not the owner, and that this fact was unknown to it at the time the policy was written, or it would never have been delivered. From the evidence it appeared that the policy was issued on November 2, 1893, and that the conveyance by the plaintiff was dated August 1, 1892. The instrument contained a recital that it was intended to operate as provided in sections 1969 et seq. of the Code of 1882, in regard to sales of property to secure debts, and to pass title to the property described. In case of default in payment of interest or principal of the debt, or of insurance, premiums, or taxes, the grantee was authorized to sell the property at public sale, and make to the purchaser "good and sufficient titles in fee simple to the same, thereby divesting out of the said Janie R. Williamson all right and equity that she may have in and to the said property, and vesting the same in the purchaser or purchasers aforesaid," the proceeds of such sale to be applied first to the payment of the debt and interest and expenses of sale, the remainder, if any, to be paid to the grantor. It appeared that there was no bond to reconvey the property on payment of the debt. The debt was paid on November 13, 1894, and the paper was entered "satisfied" on the record on December 18, 1894. The court directed a verdict for the defendant, and this is assigned as error.

1. That a deed executed under the provisions of sections · 1969 et seq. of the Code of 1882 (Civil Code, §2771) passes title, of course cannot be questioned, as the statute so declares. That a fee simple deed in ordinary form given

to secure a debt, even where a bond to reconvey is given concurrently with the execution of the deed, will also pass title, is equally clear. *Oelrich* v. *Ga. Railroad Co.,* 73 *Ga.* 389, and cases cited. That an ordinary fee simple deed made to secure a debt, and which contains nothing which could be construed into a clause of defeasance, passes title to the grantee, is well settled. *Lackey* v. *Bostwick,* 54 *Ga.* 45; *Phinizy* v. *Clark,* 62 *Ga.* 623; *Carter* v. *Gunn,* 64 *Ga.* 651; *Groves* v. *Williams,* 69 *Ga.* 614. A failure to comply strictly with the provisions of section 1969 et seq. of the Code of 1882 does not necessarily make a conveyance given to secure a debt a mortgage. Prior to the act of 1894 (Civil Code, §5432), it was held by this court that one effect of such failure was to defeat the right of the creditor to pursue the special remedy given in the Code of 1882 for the collection of his debt; that is, obtaining judgment, filing a deed of reconveyance, and causing the land to be levied on and sold as the property of the debtor. *Griggs* v. *Strippling,* 59 *Ga.* 500; *Braswell* v. *Suber,* 61 *Ga.* 398; *Henry* v. *McAllister,* 93 *Ga.* 667-672.

The instrument under consideration in this case contained nothing which could be construed into a clause of defeasance. Construing it as a whole and giving effect to all of its stipulations, the conclusion is inevitably reached that it was the intention of the grantor to pass the title to the grantee for the purpose of securing the payment of the debt. This intention will not be defeated, although the deed contain a recital, which is not true, that it was executed under the provisions of section 1969 et seq. of the Code of 1882. The creditor, by a failure to comply strictly with the terms of this law, is simply deprived of that which he would be only entitled to when the statute is strictly followed; but he has not lost the title to the property which it was the intention of his debtor that he should have. He has all the ordinary remedies that a title can give

him, and also such as could be properly derived from the act of 1894, above cited.

2. In the case of *Pirkle* v. *Equitable Mortgage Company*, 99 *Ga.* 524, the controlling question was whether the instrument in controversy was a deed or a mortgage, and the effect of a failure to give a bond for titles when a deed was taken to secure a debt was not involved in that case. The principle in that case, that the distinction between a deed to secure a debt and a mortgage grows out of the absence or presence, as the case may be, of a clause of defeasance, is sound and cannot be questioned. Whether or not the clause which was held in that case to be a clause of defeasance was properly so held is not involved in this case; nor was the controlling question in the present case, as to the effect of a failure to give a bond for titles when a deed made to secure a debt purports to have been executed under section 1969 of the Code of 1882, involved in that case. In so far, therefore, as any language was used in the *Pirkle* case which purports or undertakes to deal with such question, it is obiter and not binding as authority.

3. There was no error in directing a verdict for the defendant. The deed of the plaintiff which was outstanding at the date of the policy passed the title to the creditor; and the interest of the insured, therefore, not being an "unconditional and sole ownership," the policy by its terms was void. *Orient Ins. Co.* v. *Williamson*, 98 *Ga.* 464; *Phœnix Ins. Co.* v. *Asberry*, 95 *Ga.* 792.

*Judgment affirmed. All the Justices concurring.*