21612.   DANIELS *v.* THE STATE.

DECIDED SEPTEMBER 4, 1931.

*S. W. Doss, C. E. Hay,* for plaintiff in error.
*B. B. Earle, solicitor,* contra.

BROYLES, C. J.   The defendant was convicted on an accusation drawn under the act of the General Assembly approved August 19, 1918 (Ga. L. 1918, p. 262), which prohibits the removing, hiding, or in any way disposing of mortgaged property, so as to hinder, delay, or prevent a valid levy being made thereon by the levying officer of the county of the defendant's bona fide residence. There was no demurrer to the accusation, but after verdict and judgment and in due time the defendant made a motion to arrest the judgment, which was overruled, and exceptions were taken.

The motion in arrest of judgment was based upon the assumption that the property which the accusation charged the defendant with hiding and disposing of was not mortgaged property, and, therefore, not covered by the provisions of the act of 1918, supra. That assumption is not established by the allegations of the accusation. It is true the accusation says that "a certain lien, to wit, bill of sales to secure a debt, had been created" on the property in question "by contract between Neal Bros. . . as mortgagees and J. C. Daniels [the defendant] as mortgagor for the sum of $40.00."

It is well settled that "no particular form is necessary to constitute a mortgage" (Civil Code of 1910, § 3257), and that an instrument denominated a bill of sale may really be a mortgage if it contains a defeasance clause. *Ward* v. *Lord,* 100 *Ga.* 407 (28 S. E. 446); *Scolt* v. *Hughes,* 124 *Ga.* 1000 (53 S. E. 453); *Lubroline Oil Co.* v. *Aihens Bank,* 104 *Ga.* 376, 380 (30 S. E. 409; *Pirkle* v. *Equitable Co.,* 99 *Ga.* 524 (28 S. E. 34). In the instant case the purported bill of sale was not set forth in the accusation or attached as an exhibit thereto, and there was no special demurrer to the accusation. Under these circumstances this court is unable to determine whether the paper in question was a bill of sale or a mortgage; and, therefore, the plaintiff in error has failed to show error in the overruling of the motion in arrest of judgment.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*