DAVID A. VASON, trustee, plaintiff in error, *vs.* SARAH A. BALL, administratrix, *et al.*, defendants in error.

1. The judgment of this court, with directions to sell certain property belonging to a debtor in 1855, and out of that property, *and not otherwise*, to pay a trust debt, will not be construed to embrace the rents, issues and profits of the lands so to be sold, nor the stock and cattle, nor the wagons, tools, etc.,

thereon, none of which belonged to the debtor at that time, to-wit: in the year 1855.

2. Mortgages of lands in this state are mere securities for debt; they pass no title to the mortgagee; the mortgagor holds the title until sold out and dispossessed by foreclosure; hence the rents, issues and profits are the mortgagor's, and are not embraced or covered by the mortgage; nor is stock, or cattle, or the increase thereof, or plantation tools, subsequently bought, unless expressly stipulated for in the mortgage.

Equity. Judgments. Rents. Mortgage. Before Judge HANSELL. Dougherty Superior Court. April Term, 1875.

Reported in the opinion.

R. F. LYON, for plaintiff in error.

WARREN & HOBBS. D. H. POPE; STROZER & SMITH, for defendants.

JACKSON, Judge.

This case is a branch of that just decided, and was argued in connection with the other. In the other case, Mrs. Ball and other creditors excepted; in this case, Mr. Vason, the trustee, excepts.

When the case was before this court on the former trial, the court below was directed to pay $13,000 00 as a trust fund for Judge Vason's children out of the property bound for the trust debt and covered by a certain mortgage. The order was to pay it from the proceeds of property belonging to Vason in 1855, and all his property was sold and the sales kept separate, so as to distinguish the several funds. The fund raised from the property of 1855 was not enough to pay the whole debt, $13,000 00, and it was claimed that the rents, issues and profits of the lands so set apart, since the receiver worked them, were liable under the former judgment of this court to pay this trust. The court below ruled otherwise, and this is assigned as error.

1. The language of the direction of this court is that such trust debt shall be paid out of the proceeds of the sale of

property, then, in 1855, belonging to Vason, *and not other-wise.* Well, these rents, issues and profits did not *then* belong to Vason, and they do not come under the terms of this direction.

2. It is urged, however, that the mortgage which covered the land covered also the rents and issues thereof, particularly after the receiver took possession and made the crops. In England and other states where the legal title vests in the mortgagee, and he can enter and use these rents and profits, it may be so ; but we have always understood that, in our state, a mortgage was a mere security for a debt, and the mortgagee cannot enter or maintain ejectment. All he can do is to foreclose and sell and make his money out of the sale, and the rents and profits belong to the mortgagor until the sale, for the reason that the title remains in him until the sheriff sells him out and puts another in possession. Besides, we understand that by this marriage settlement, the rents, issues and profits were to be Vason's ; he was not to be accountable therefor, and therefore this instrument was not designed to bind him, as trustee, to account to his wards for anything but the *corpus* of this estate. However this may be, we consider this question *res adjudicata.* It was settled in the directions this court gave that this trust debt was to be paid out of the sale of property Vason owned in 1855. These profits or rents were not owned by him at that time, and therefore cannot be applied to this trust now. It was also contended that the personal property on the plantation, wagons, tools, etc., etc., all put there recently, was also covered by this mortgage. We know of no rule of law that would so subject it. At all events, it was not in existence or owned by Judge Vason in 1855, and is not therefore embraced in the directions as property out of which this trust debt should be paid. It is also contended that the cattle and hogs, etc., are covered. We do not think so. Natural increase will not be covered by a mortgage that passes no title unless specifically named, particularly the cattle and hogs which came as increase during twenty years. At all events,

they did not belong to Judge Vason in 1855, for they were not then in existence, and do not come within the terms of the judgment and directions of this court in this case: 53 *Georgia Reports*, 416.   On the whole, we think the court right in deciding these several points against the plaintiff in error, and affirm his judgment.

Judgment affirmed.