## LUBROLINE OIL COMPANY *et al. v.* ATHENS SAVINGS BANK *et al.*

1. In view of the provisions of section 2723 of the Civil Code, a corporation of this State can not, in the absence of express legislative authority so to do, make a valid mortgage upon its income.
2. In administering the assets of an insolvent corporation under an equitable proceeding, a judgment obtained before the petition therein was filed is entitled to preference over the claims of unsecured creditors of the corporation, and also over the claims of creditors by mortgage the lien of which does not attach to the fund for distribution. It is otherwise as to judgments obtained after the filing of such petition, though rendered on actions begun before such filing.

Argued February 11,—Decided May 26, 1898.

Exceptions to decree. Before Judge Hutchins. Clarke superior court. April term, 1897.

On March 30, 1895, the Athens Savings Bank, the Jellico Coal Co., and others filed an equitable petition against the Athens Gas Light Co., the Lubroline Oil Co., and C. M. Woodbury, receiver, etc. It was alleged in the petition, and proved at the trial, that the Athens Savings Bank held, as collateral security for its debt, certain bonds of the Gas Light Co., secured by a trust deed or mortgage it had executed to the Mercantile Trust & Deposit Co. of Baltimore, as trustee, and that several series of the interest coupons attached to said bonds were due and unpaid. It was also alleged and proved that the other petitioners were unsecured creditors of the Gas Light Co., whose claims exceeded one third of its unsecured indebtedness, that the claims of all the petitioners were past due and unpaid, that demands for payment had been made and the same refused, and that the Gas Light Co. was insolvent. At the time the

petition was filed the Lubroline Oil Co. and C. M. Woodbury, receiver for the Mingo Mountain Coal & Coke Co., held judgments against the Gas Light Co., rendered March 21, 1895, and there were then pending suits against the Gas Light Co., in favor of the J. C. Wilson Coal & Lumber Co., the Washburn & Moen Manufacturing Co., and the General Electric Co., in which suits judgments were obtained against the Gas Light Co. after the filing of the equitable petition. The petition prayed for the appointment of a receiver for the Gas Light Co., and that the Lubroline Oil Co. and C. M. Woodbury, receiver, be enjoined from levying their executions upon the property of the Gas Light Co. A receiver was appointed March 30, 1895, the same day the petition was filed, to take charge of all the assets of the Athens Gas Light Co., and to operate its gas and electric light plants, &c. Subsequently the creditors whose judgments were obtained after the filing of the petition were made parties. On January 17, 1896, the Bank of the University, a holder of bonds secured by the deed of trust, intervened as a party plaintiff, and on October 24, 1896, amended its original intervention and prayed that its claim be paid out of the funds coming into the hands of the receiver either by sale of the mortgaged property or from income or otherwise. On April 21, 1896, the Mercantile Trust & Deposit Co. intervened as a party plaintiff, and alleged, that it was the trustee for the bondholders, under a deed of trust executed by the Gas Light Co. on October 9, 1890, which was duly accepted and recorded; that under such deed seventy-five bonds of the Gas Light Co. had been issued and were outstanding; that by the terms of the deed it was provided, that, if the Gas Light Co. "shall at any time, after demand made, make default, or refuse, neglect or omit, for any period exceeding two months, to pay the semiannual interest on the bonds intended to be hereby secured, or any of them, after the same shall have become due," in such event petitioner may resort to a court of equity and through a receiver administer the trust assumed; that such default had been made, and petitioner had been requested by twenty per cent. in amount of the bondholders to proceed as provided in such deed; and prayed that the trust deed or mortgage be foreclosed and the

equity of redemption therein forever barred; that said mort-
gage be decreed to have and be a first lien on the assets and
property of the Gas Light Co., that the funds arising from the
same be paid over to petitioner for distribution and expenses as
provided in said deed; that a permanent receiver be appointed,
and that petitioner have such other and further relief as to the
court may seem proper, &c.

On May 21, 1896, Frederick Stamwood, another holder of
bonds secured by the deed of trust, intervened as a party plain-
tiff, prayed for judgment on his claim, and that it be decreed
to be a first lien on the property of the Gas Light Co. On Oc-
tober 26, 1896, the Mercantile Trust & Deposit Co. filed an
amendment, alleging that after filing its intervention it had prac-
tically assumed control, as principal plaintiff, of the litigation,
in the interest of the bondholders, and if from any cause the
court should not decree the fund in the receiver's hands to be
paid over to it as trustee for distribution among the bondhold-
ers, that then it be allowed to prove its expenses, costs, etc., in-
curred in reference to the receivership, and that they be paid
before the fund should be distributed. The trust deed or mort-
gage from the Gas Light Co. to the Mercantile Trust & Deposit
Co. conveyed all of the real estate, buildings, gas and electric
plants, etc., and the "tolls, revenues and income" of the Gas
Light Co., to secure the payment of the principal or interest of
the bonds, or any of them, according to their tenor or effect,
stipulating that the Gas Light Co. should possess, operate and
use all the property conveyed, but that in the event of a default
by the Gas Light Co. in the payment of the principal or interest
due on any of the bonds for more than two months, the Mer-
cantile Trust & Deposit Co., as trustee for the bondholders,
should have the right to demand and enter into possession of
the property conveyed, and to use and operate the gas and elec-
tric plants, and, after paying expenses of such operation, to
apply the remaining net income to the payment of the interest
and principal of the bonds secured by such deed. It was further
provided that this power of entry should be a cumulative
remedy, and should not be held to deprive the Mercantile Trust
& Deposit Co. of its right, in its discretion, to resort to a court

of equity and through a receiver, whom it should have the right to name, administer the trusts assumed by it. There was a defeasance clause in the deed, to the effect that if payment of the principal and interest of the bonds should be made as provided for, "then and in that case the estate, right, title and interest of the party of the second part [the Mercantile Trust & Deposit Co.] . . shall cease, determine, and become void."

The receiver had in his hands for distribution by the court a certain sum, being the net earnings and income arising from the operation, by him as receiver, of the gas and electric plants of the Gas Light Co. By agreement of all parties, all questions of law and fact, to be considered in connection with the distribution of such fund, were submitted to the court without the intervention of a jury. After hearing the evidence and argument, the judge decreed: "That said mortgage is a valid and subsisting lien upon all of the . . income arising from the operation of the property of the defendant company by the receiver of this court, and is prior to any other lien or claim of any party or parties to this case, except as hereinafter specifically provided for. It is further adjudged and decreed that the . . income arising from the . . operation of the property of the defendant company be applied as follows: [After providing for the payment of costs and certain expenses of the receivership] 5th. To the holders of the bonds secured by the mortgage aforesaid, pro rata. 6th. To the intervening owners and holders of judgments against defendant Gas Light Co., obtained previous to the filing of the original petition and the appointment of the receiver herein, according to and in order of their date and dignity. 7th. To the intervening unsecured creditors and judgment creditors holding and owning judgments obtained since the filing of the original petition herein." The Lubroline Oil Co., C. M. Woodbury, receiver for the Mingo Mountain Coal & Coke Co., the J. C. Wilson Coal & Lumber Co., the Washburn & Moen Manufacturing Co., the General Electric Co., and the Standard Oil Co. excepted to such decree and made the following assignments of error: 1st. The court erred in holding that the mortgage or trust deed was a lien at all on the income made by the receiver while

operating the defendant's property.    2d.    The court erred in holding that the mortgage or trust deed was a lien on the earnings made by the receiver prior to the 21st of April, 1896, the time when the trustee or mortgagee formally intervened.    3d. The court erred in holding that the mortgage or trust deed was a superior lien on the earnings made by the receiver prior to the intervention of said trustee, as to judgments obtained by these plaintiffs in error, some before the receiver was appointed, and all the suits pending at the time of the appointment of the receiver.    4th.  The court erred in holding that the judgments of the plaintiffs in error, whose judgments were obtained after the filing of the original bill in this case, but obtained on suits then pending, were not superior in lien to judgments obtained under the bill by unsecured creditors, and were not superior to the lien of the mortgage or trust deed."

*John J. Strickland,* for plaintiffs in error.    *Erwin & Erwin, G. Y. Tigner, Lumpkin & Burnett* and *T. S. Mell,* contra.

FISH, J.  (After stating the foregoing facts.)    1. The view that we take of the law of this case makes it unnecessary to deal with the second and third assignments of error.    The trust deed from the Athens Gas Light Co. to the Mercantile Trust and Deposit Co. contained a defeasance clause, and must be considered a mortgage.    *Pirkle* v. *Equitable Mortgage Co.,* 99 *Ga.* 524; *Ward* v. *Lord,* 100 *Ga.* 407.    Besides, it was so recognized and foreclosed in this case by the Mercantile Trust & Deposit Co. and the beneficiaries under the instrument.    As the mortgagee did not elect to take possession of the property under the terms of the mortgage after default of payment, make income and appropriate the same to the bonds, but waited until after a receiver had been appointed at the instance of one of the bondholders and unsecured creditors, upon a petition filed under the "insolvent trader's act," and then intervened, it is clear that such mortgagee has not the same right to the income made by the receiver that it would have to income made by itself as mortgagee in possession.    *Green* v. *Coast Line R. Co.,* 97 *Ga.* 22.    There can be no doubt that the resolutions passed at a meeting of the stockholders of the Athens Gas

Light Co. were intended to give its president and board of directors authority to mortgage to the Mercantile Trust & Deposit Co. the future earnings and income of the Gas Light Co., because they were empowered to mortgage "the entire property . . now owned by it, or *which hereafter may be acquired.*" The resolution adopted at a meeting of the board of directors of the Gas Light Co. specified as a portion of its property to be so mortgaged, "all . . tolls, revenues and income of the company." The question for our consideration is, did the Gas Light Co. have authority, under the law, to mortgage its earnings and income? Counsel for defendants in error earnestly insisted in the argument here that no such point was raised in the court below by the pleadings; that the allegations in the original petition filed by the Athens Savings Bank, and in the interventions of the other defendants in error, as appears from the record, were to the effect that the mortgage to secure the bonds was upon all the tolls, revenues and income of the Gas Light Co., and that plaintiffs in error, in answering the petition, recognized such allegations to be true. We do not think the record sustains this contention. The plaintiffs in error, in their answer, charged that there were earnings in the hands of the receiver, more than enough to pay off all their claims, and insisted that their debts should be paid out of such earnings in his hands, in preference to the bonds. The mere fact that they gave as a reason for such preference, that their debts were for operating expenses of the company, did not prevent them from contending before the court below that the mortgage did not legally cover the earnings and income, when the only authority shown by the defendants in error for the Gas Light Co. to mortgage its earnings and income was the resolution passed by its stockholders and board of directors.

Counsel for defendants in error also insisted that the assignment of error did not make the point "that the company had no charter power to mortgage income." The first assignment of error is, that "the court erred in holding that the mortgage or deed of trust was a lien at all on the income made by the receiver while operating the defendant's property." That the company had no charter power to mortgage its income was

simply a reason urged why it could not legally exercise such power.   That a corporation of this State can not, in the absence of express legislative authority so to do, make a valid mortgage upon its earnings and income, has been held by this court in *Georgia S. & F. Ry. Co.* v. *Barton*, 101 *Ga.* 466.   As was there said by Lumpkin, P. J., delivering the opinion of the court, "Whatever may be the law in other jurisdictions, we are satisfied that section 1954 of the Code of 1882 (which embodies the law of force when this mortgage was executed) settles this question adversely to the contention of counsel for the trustee of the bondholders.   Under the provisions of that section, a mortgage can lawfully embrace only 'property in possession, or to which the mortgagor has the right of possession at the time' of executing the mortgage, save only as to stocks of goods or other things in bulk but changing in specifics.   Under this law, therefore, neither a corporation nor a natural person has the right to mortgage property which may be acquired after the execution of the mortgage."   As income to be made is necessarily in the nature of a future acquisition, it is clear that it can not be mortgaged without express legislative authority. In *Vason* v. *Ball*, 56 *Ga.* 268, it was held that a mortgagee out of possession has no lien on income, although it accrue from the property while in the hands of a receiver.   It was not shown in the present case that the Athens Gas Light Co. had any express legislative power to mortgage its income.   Therefore it follows that the mortgage it executed to the Mercantile Trust & Deposit Co., in so far as it sought to create a lien upon income, was inoperative and void as to third parties.

2. When a court of equity is administering the assets of a debtor through the medium of its receiver, the lien of judgments rendered against him before the appointment of the receiver will be preserved.   Beach, Rec. (2d ed.) 194, 664; High, Rec. (3d ed.) 423; Gluck & B. Rec. (2d ed.) 22, 23. Where the receivership is under section 2716 et seq. of the Civil Code, all existing liens are preserved by express provision of section 2719.   In *Georgia S. & F. Ry. Co.* v. *Barton*, supra, this court held that, relatively to Barton, the mortgage executed by the railway company to the Mercantile Trust & Deposit Co.

was not a valid lien upon the net income of the railway, made by the receiver, it having no express legislative authority. to mortgage its income, but that Barton's judgment constituted a valid lien upon all the property of the railway company, not, of course, enforceable by levy upon the money in the hands of the commissioners arising from income, but certainly capable of being made effectual by an appropriate equitable decree. In that case it will be noted that, as between the mortgagee and Barton, the case was treated in the light that Barton had obtained his judgment before the mortgagee began proceedings for foreclosure. In *Green* v. *Coast Line R. Co.*, supra, this court said: "The lien of Mrs. Green's judgment covers net income made by the receiver, . . and being statutory, it needs no aid from equity or equitable principles to render it a complete legal lien on income." From these authorities the conclusion must follow that the lien of the judgments obtained against the Athens Gas Light Co., prior to the appointment of the receiver to take charge of its assets, attached to the net income made by the receiver in operating the plants of the Gas Light Co., to the extent at least of being made effectual by an appropriate equitable decree, and was entitled to preference over the claims of unsecured creditors of the Gas Light Co., and over the claims of the creditors of such company who obtained judgments against it after the appointment of the receiver, in suits pending at the date of such appointment, and also over the claims of creditors holding bonds of the Gas Light Co. secured by the mortgage to the Mercantile Trust & Deposit Co., the lien of which mortgage did not attach to the income for the reasons hereinbefore stated. The standing of the claims of creditors who obtained judgments after the appointment of the receiver, upon suits pending at the time of such appointment, is fixed by the decision in *Lang* v. *Macon Construction Co.*, 101 *Ga.* 343, the headnote of which is as follows: "Though an action was begun against an insolvent corporation before a receiver to take charge of its assets had been appointed under the provisions of section 2716 et seq. of the Civil Code, a judgment rendered in that action after the receiver's appointment was not, in the distribution of funds arising from a sale by him of the corporate

assets, entitled to any priority over judgments rendered in favor of unsecured creditors in the equitable proceeding under which such receiver was appointed."

The fund in the hands of the receiver arising from the net earnings and income made by him should be distributed according to the principles of law herein decided.

*Judgment reversed. All the Justices concurring, except Cobb, J., disqualified.*