### 2413.   POWERS & COMPANY *v.* GEORGIA-FLORIDA GROCERY COMPANY *et al.*

1. No particular form is necessary to constitute a mortgage.    Any instrument creating a lien, specifying the debt to secure which it is given and the property upon which it is to take effect, is to be construed as a mortgage, notwithstanding that there may be some language in the instrument which would indicate an intention to convey the legal title. The instrument before the court, properly construed, is a mortgage, and not a deed to secure a debt.
2. "A mortgage may cover a stock of goods, or other things in bulk but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches on the purchases made to supply their place."    This incident of loss and substitution of lien as to goods sold and bought takes place by operation of law whenever there is a mortgage upon a stock of goods, and it is not necessary that the parties expressly contract that this shall be an incident of the giving of the mortgage, in order for it so to be enforceable.

Levy and claim; from city court of Quitman—Judge McCall. December 15, 1909.

Submitted March 24,—Decided April 6, 1910.

Powers & Company foreclosed, as a mortgage, the instrument hereinafter referred to, and the Georgia-Florida Grocery Company claimed the property. At the trial the judge held that the instrument in question was not a mortgage, but was a bill of sale to secure a debt, passing title, and, therefore, not subject to foreclosure as a 'mortgage. The instrument is in the following language: "Georgia, Brooks County. In consideration of my being indebted to Powers & Company of the County of Brooks, State of Georgia, by promissory note dated Feb. 17, 1908, and due one day after date, for the sum of two hundred and seventy-five dollars, and for securing the payment thereof, I do hereby grant, convey, and mortgage to said Powers & Co., their heirs and assigns, the following property, which is expressly declared to be my own individual property free from any lien whatever, to wit: my stock of merchandise situated in the store now occupied by me as a merchant, and said store being on the plantation of W. T. Johnson, in the State and county aforesaid; said stock of merchandise consisting of groceries and dry goods. I also mortgage to said Powers & Co. all fixtures used in connection with said stock of merchandise and contained in said store. And to have and to hold as security for the payment of such debt, I hereby warranting the title to said property, and for myself as head of a family waiving all right of homestead and exemption in and to said property, or any part thereof. In witness whereof I have hereunto set my hand and seal, this 17 day of February, 1908. [Signed] H. A. Lashley (Seal).— Signed, sealed, and delivered in the presence of [Signed] W. H. Long, Jr., N. P. B. C. Ga."

*Bennet & Long,* for plaintiffs.

*Branch & Snow,* for defendants.

POWELL, J. (After stating the foregoing facts.)

1. "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." Civil Code of 1895, §2724. "A mortgage in this State is only a security for a debt, and passes no title." Civil Code of 1895, §2723. An instrument that is a mortgage creates a lien and passes no title; an instrument which passes legal title is not a mortgage. Whether an instrument is a deed or bill of sale passing the legal

38

title, or whether it is a mortgage, depends upon its legal construction; and to that end, the intention of the parties, so far as it appears from the face of the instrument, unless there is an ambiguity (in which case parol evidence would probably be admissible), is controlling. The instrument is to be considered as a whole; all of its terms being harmonized if possible. So construing the present instrument, we are clear that it evinces an intention not to pass legal title, but to create a mortgage lien. For instance, the phrase, "I also mortgage," appearing about the middle of the instrument, is used in such connection of context with the expression, "grant, convey, and mortgage," found earlier in the paper, as to show that the parties intended the two expressions to be synonymous. Further, the paper contains a waiver of homestead, not generally, but as to the specified property—a thing which would have been wholly unnecessary if it had been intended to pass the title, and not merely to create a lien. In several of the reported cases in this State, this circumstance has been regarded as of strong evidentiary value in determining what is or is not a mortgage. In some cases the instrument may operate both as a mortgage and as a bill of sale. See *Smith* v. *DeVaughn*, 82 *Ga.* 574 (9 S. E. 425) ; *Mitchell* v. *Castlen*, 5 *Ga. App.* 134 (62 S. E. 731). The fact that there was an express provision as to the passing of the legal title, in the case of *Smith* v. *DeVaughn*, where the expression "mortgage and convey" was used, distinguishes it from the present case.

2. The point is made that as the mortgage did not provide that it was to attach to future purchases, the instrument bound only the goods on hand at the date of the execution of the paper. The Civil Code of 1895, §2723, in relation to the giving of a mortgage, provides: "It may embrace all property in possession, or to which the mortgagor has the right of possession at the time, or may cover a stock of goods, or other things in bulk but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches on the purchases made to supply their place." The law gives effect to this shifting of the lien in cases of mortgages covering stocks of goods and other articles held in bulk but changing in specifics, and it is not necessary that the parties should in the mortgage specify the legal result which is going to take place as a result of the mort-

gage's being given upon property of the character specified. It is for the law, rather than for the parties, to say what effect a mortgage shall have as to goods being bought and sold in the transaction of those businesses requiring stocks of goods. It follows that the direction given to the case by the trial judge was erroneous.

*Judgment reversed.*