608

HARDIN, trustee, *v.* RUBIN *et al.*

No. 7069.    DECEMBER 16, 1929.

*J. H. Milner,* for plaintiffs.    *D. D. Smith,* for defendants.

HILL, J.    S. H. Hardin as trustee in bankruptcy for Louis N. Cohen, bankrupt, brought a petition against S. W. Rubin and his agents, Celia Caplan and Meyer Caplan, and C. N. Mullis, sheriff of Dodge County, alleging that on January 8, 1925, Cohen purchased from Rubin a stock of merchandise and fixtures, agreeing to pay therefor the sum of $6650, of which sum $500 was paid in cash.    The remainder due was to be paid in weekly installments. The parties executed a written contract in which Rubin retained title to the property until the entire amount of the debt was paid. This contract was not recorded immediately by Rubin; and according to Cohen's contention it was not to be recorded, under a verbal agreement between him and Rubin, in order to enable Cohen to purchase other merchandise.    This contention on the part of Cohen is denied by Rubin.    The contract was recorded by Rubin on August 9, 1926.    On September 1, 1926, Cohen filed a voluntary petition in bankruptcy, which followed foreclosure proceedings instituted

by Rubin on August 30, 1926, against Cohen for the remainder due of $3450 on the purchase-price of the stock of goods and fixtures. Under the foreclosure proceedings the entire stock of goods and fixtures covered by the bill of sale was levied upon by the sheriff of the city court of Eastman, under an execution issued from that court on the foreclosure, and thereafter a short order was obtained from the court for the sale of the property, which was advertised for ten days and then sold by the sheriff before the court-house door of Dodge County to the highest bidder for cash, on September 11, 1926. It appears that there was competitive bidding at the sale, but the property was bid off by Rubin for the sum of $210. The sheriff put Rubin in possession of the property sold, and turned over to him the proceeds of the sale except $100, which was in the hands of the sheriff when the present suit was instituted. After filing his petition in bankruptcy on September 1, 1926, Cohen was immediately thereafter adjudicated a bankrupt. So far as the record shows, no effort was made by any of the creditors of Cohen or by the bankruptcy court to interfere with the levy and sale. After Rubin had bought the property and was put in possession, Hardin, the plaintiff in error, was appointed trustee in bankruptcy of Cohen. On the trial in the superior court the judge, after the introduction of evidence on both sides, directed a verdict in favor of Rubin, and directed that the plaintiff recover the $100 in the hands of the sheriff. A motion for new trial was made by Hardin as trustee in bankruptcy, which was overruled, and he excepted.

■ Ground 1 of the motion for new trial complains that the court erred in excluding from the evidence a "property statement to C. H. Schneider & Bro.," dated April 3, 1925, purporting to have been signed by Louis N. Cohen, and purporting to show the financial condition of Cohen as of March 1, 1925, the statement being upon a printed form containing the following question: "Are any of your creditors secured by mortgage or other lien?" And immediately following the question is written the word, "No." The statement showed total assets of Cohen to be $10,748.93, and his total liabilities $5810. Pinned to the property statement was a letter dated April 3, 1925, addressed to C. H. Schneider & Bro., Augusta, Georgia, and reading as follows: "In reply to your letter of the 2nd inst. I bought the stock, lease, and fixtures of S. W. Rubin in Eastman, Georgia, on the first of the year for $5500.

■

I am paying Mr. Rubin $50 per week. He does not hold any mortgage on the stock, as I gave him my personal note for the same. Please rush the order right away, as I need the merchandise at once. Trusting this meets with your favor, I am yours truly, Louis N. Cohen." The court ruled out the statement and letter as hearsay and irrelevant, and on the ground that the court did not even know where plaintiff's counsel "got them." We are of the opinion that the court erred in this ruling.

■ Error is assigned in the second ground, because the court erred in admitting in evidence, over the objection of the plaintiff, the testimony of S. W. Rubin, as follows: "Q. Did you, at the time you put this paper on record on August 9, have any reason to believe that Cohen was not solvent? A. No, sir, he was solvent." Plaintiff objected to both the question and answer upon the ground that the question asked for and obtained a conclusion of the witness. The court made no ruling upon the objection, and the evidence was permitted to go to the jury. It is contended that this testimony was harmful to the plaintiff, for the reason that one of the issues in the case was whether the contract which retained the title to the merchandise in Rubin was an illegal preference under the bankruptcy law, the contract having been executed on January 8, 1925, and recorded in the office of the clerk of the superior court of Dodge County on August 9, 1926, and Cohen having filed his voluntary petition in bankruptcy on September 1, 1926, and thereafter having been adjudicated a bankrupt, and a trustee having been appointed for him on September 20, 1926. It is insisted that in order to prevail on said issue it was necessary for the plaintiff to show that Cohen was insolvent at the time the retention-of-title contract was recorded and that Rubin had reasonable cause to believe that Cohen was insolvent, and the recording of the instrument would effect a preference contrary to the bankruptcy statutes; that, although the witness was competent to state any facts within his knowledge bearing upon the question of Cohen's financial status, he could not state positively his conclusion that he was solvent, as that was one of the issues to be determined by the jury. The exception is without merit, in view of the previous testimony of the witness, in which he gave the basis and reason for his conclusion that Cohen was solvent. Furthermore, on cross-examination Rubin testified that Cohen "was not insolvent at that time."

■ Error is assigned in ground 3, because the court directed a verdict for S. W. Rubin against the sheriff for $100 representing the amount remaining in the sheriff's hands from the proceeds of the sale of the stock of merchandise and fixtures under the foreclosure of the conditional bill of sale made by Cohen to Rubin; and the plaintiff assigns error upon the following grounds: (a) The verdict was not demanded by the evidence. (b) The evidence, aided by the admissions of the answer of Rubin, together with the deductions to be drawn reasonably from the evidence and the answer of Rubin, supported and proved every material allegation of plaintiff's petition, to which no demurrer was interposed. (c) The court in directing the verdict necessarily determined as a matter of law that the retention-of-title contract executed and delivered to Rubin by Cohen on January 8, 1925, covered goods, wares, and merchandise acquired by Cohen subsequently to the execution and delivery of the retention-of-title contract, Rubin in his answer having admitted that he obtained possession of $700 worth of goods which were acquired by Cohen after the execution and delivery of the contract. Plaintiff contends that the defendant could have no claim upon the merchandise acquired by Cohen subsequently to the execution and delivery of the retention-of-title contract, inasmuch as he could not retain title to property of which he had never had title, and that the levy and sale of such subsequently acquired merchandise was void, and the trustee in bankruptcy had the right to recover the value thereof. It is further insisted that the evidence showed that Cohen was insolvent at the time of the recording of the retention-of-title contract, and that the recording of the instrument was within four months prior to the filing of the voluntary petition of Cohen to be adjudicated a bankrupt, and that the contract operated as a preference, and that Rubin had, at the time of recording the contract, reasonable cause to believe that the enforcement of the instrument would effect a preference; and these issues should have been submitted to the jury, etc.

As to whether there was a secret agreement between the bankrupt Cohen and Rubin, the creditor who had a conditional bill of sale to the bankrupt's stock, the evidence was conflicting, the bankrupt declaring that there was such an agreement and that the bill of sale was to be withheld from record for the purpose of enabling the bankrupt to secure other credit, and the creditor denying that any

such agreement existed. Such issue of fact should have been submitted to the jury. Another question of fact in issue was whether the bankrupt was solvent or insolvent at the time the bill of sale was placed on record; and the evidence was in sharp conflict on this question, and it also should have been submitted to the jury. See Collier on Bankruptcy (13th ed.), 15, 17; Fourth National Bank v. Willingham, 32 A. B. R. 159; Jacobson v. Perrill, 29 A. B. R. 603. We are not holding that there was such a fraudulent agreement between the parties in this case. On the contrary we are holding that the issue raised as to whether there was such an agreement was one of fact which should be determined by the jury, and that the court erred in directing a verdict without submitting these issues to the jury. In Martin v. Commercial National Bank, 228 Fed. 651 (5), it was held by the Circuit Court of Appeals: "Where a mortgage executed by a bankrupt more than four months before bankruptcy, but recorded within that period, and which was not required to be recorded within the meaning of bankruptcy act, § 60 b, was not withheld from record fraudulently, or for the purpose of enabling the mortgagor to obtain credit from others, creditors whose debts were created after its execution and before it was recorded were not entitled to prorate in the distribution of the assets of the estate on equal terms with the mortgagee." See In re Duggan, 182 Fed. 252(2), 183 Fed. 405. There is no merit in the contention that as Rubin had retained title to the merchandise sold to Cohen and as a part of the merchandise had been sold and was replaced by other merchandise, he would have no claim on the substituted goods for those originally bought. In *Merchants & Mechanics Bank* v. *Beard,* 162 *Ga.* 446 (134 S. E. 107), it was held: "Where a bill of sale of an ordinary stock of merchandise changing in specifics is executed merely to secure a debt, the bill of sale will attach to after-acquired portions of the stock as in case of merchandise, whether or not the bill of sale makes express reference to such after-acquired property."

The court below erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*