## 24010. DOWNING COMPANY INC. *v.* JONES.

Decided October 16, 1934.

*Reese, Scarlett, Bennet & Highsmith,* for plaintiff in error.
*Ralph L. Dawson,* contra.

Guerry, J. The Downing Company Inc. filed claim to two mules, one horse, one wagon, and approximately 250 bushels of corn, levied upon under an execution in favor of Lloyd Jones against Odum Turpentine Company, the defendant in fi. fa. The claim was tried upon an agreed statement of facts. Judgment was rendered in favor of the claimant, as to the mules and other prop-

erty, and in favor of the levy as to the corn. Exception is taken to the overruling of the motion for a new trial filed by the claimant.

The Downing Company Inc. is a naval-stores operator and bases its claim to the property levied on, which was found in the possession of the defendant in fi. fa., on two certain deeds to secure debt, the first dated October 1, 1931, and the other or supplemental deed dated February 1, 1932, and each of these deeds was recorded in August, 1932. The judgment on which the execution is based is dated January 7, 1933. The deeds executed by the defendant in fi. fa. to the Downing Company Inc. recite that, in consideration of the agreement by Downing Company Inc. to advance a named sum, as well as of sums already due, "to enable the first party to run, operate and continue in business . . . as manufacturer of naval stores, rosin, dross, crude turpentine and spirits of turpentine, and handler thereof," the party of the first part (defendant in fi. fa.) conveys all the personal property comprising and going to make up the naval-stores business owned and operated by the grantor and consisting, among other things, of "all feed stuffs of every kind and character;" also certain described real estate and turpentine leases. The deed also conveys title to all timber lands and turpentine leases afterwards to be acquired by the grantor in connection with said naval-stores manufacturing business, and "title to all replacements of and/or additions to turpentine still, tools, equipment, appliances, live stock, automotive equipment and commissary fixtures, goods, and supplies, in fact all replacements of and addition to any and all property of whatever kind" acquired by the grantor in connection therewith. The supplemental deed, among other provisions, states that the grantor conveys, in addition to the personal property particularly described, "all personal property which may hereafter be *acquired to replace* [italics ours] any personal property now being used at said location, which may have worn out, or have been used up, or exchanged, or otherwise disposed of, shall be construed to have been so acquired out of funds advanced to the undersigned by said The Downing Company Inc." It was agreed that all the property levied upon had been acquired by the grantor after the execution of the deeds but before the obtaining of the judgment by the plaintiff in fi. fa. "All of the property, however, is a part of the personal property comprising and going to make up and naval stores producing business of the

defendant in fi. fa. described in the said deeds to secure debt." The corn levied on was corn in the ear and in bulk grown on the place of the defendant in fi. fa., to be fed by the defendant to the stock used in said naval-stores business. At the time of the levy this corn was in the barn belonging to such turpentine business, along with other feed stuffs, such as hay, grain, and fodder being used in the business. This particular corn was not in existence at the time of the making of the deeds, but was grown by defendant in fi. fa. during 1932 for the purpose of replenishing similar corn which was in existence and in the barn at the time the deeds were executed.

Under the principle that that is certain which can be made certain, the description of the property and the replacements is sufficiently set forth in the security deed. See, in this connection, *Usina* v. *Wilder*, 58 *Ga.* 178; *Bennett* v. *Green*, 156 *Ga.* 572 (119 S. E. 620); *Osborne* v. *Rice*, 107 *Ga.* 281 (33 S. E. 54). "A mortgage . . . may cover a stock of goods, *or other things in bulk* [italics ours], but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches to the purchases made to supply their places." Civil Code (1910), § 3256; *Powers* v. *Ga.-Fla. Grocery Co.*, 7 *Ga. App.* 592 (67 S. E. 685). This section of the code may apply to a bill of sale or a security deed, as in the present case, where in the instrument creating the contract it is so contracted and it appears that its purpose is the continuation of a business or an enterprise and a change in specifics is necessary for the effecting of its purpose. The court below so construed the security deed in this case in holding that the mules and wagons levied on were replacements of a going concern and intended to be so held by the parties in the making of the contract. As to the corn, it is true that no lien can be created on a crop not in esse, except it be for advances made for growing and cultivating of such particular crop for the year in which it is grown (Ga. L. 1925, p. 118). However, we do not think the fact in this case that the corn actually levied upon was not in esse at the time of the execution of the security deed, and was thereafter *grown* by the defendant, would here defeat the claimant's title as against the judgment lien. The corn levied upon, whether it was bought or grown by the grantor in the security deed, was to be used in the conduct by the grantor of the naval-

stores business, and *actually replaced* similar corn which had been consumed in the conduct of its business. The lien of the security deed did actually attach *to any personal* property to be *used* in the conduct of this particular business. The corn levied upon was grown by the grantor in the security deed and the defendant in fi. fa. in 1932, and so long as it was not gathered, it was not affected by the lien of the security deed; but where it has been *gathered and actually designated* to be used for the particular purpose recited in the security deed, that is, the operation of the naval-stores business, it became subject to the lien of such security deed the same as would any other piece of personal property being replaced in the operation of the business. The corn levied upon was so gathered and designated as a *replacement before* the creation of the judgment lien, which was not created until January 7, 1933. It had therefore become subject to the provisions of the security deed and was superior to the judgment. We are of the opinion, therefore, that it was error to hold that the claimant was not entitled to the corn also.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*