25600. PEOPLES CREDIT CLOTHING COMPANY *v.*
SCOTTISH UNION & NATIONAL
INSURANCE COMPANY.

Decided November 21, 1936. Rehearing denied December 10, 1936.

*George Starr Peck,* for plaintiff.

*Estes Doremus, Colquitt, MacDougald, Troutman & Arkwright,* for defendant.

JENKINS, P. J. 1. Where a fire-insurance policy contains a clause that unless the ownership of the property insured is sole and unconditional the policy shall be void, and at the time of its issuance there is outstanding a valid and effective bill of sale to secure debt, executed by the insured, conveying the property covered by the policy of insurance, the policy is void, and the insured can not recover thereon. *Peoples Credit Clothing Co.* v. *Old Colony Ins. Co.,* 47 *Ga. App.* 819 (171 S. E. 587). If, however, the agent who solicited and wrote the policy of fire-insurance containing such a sole-ownership clause had actual knowledge, when he wrote the policy, of the existence of the bill of sale to secure debt, transferring the title of the insured to another, generally the knowledge of the agent will be imputed to the principal, so as to preclude a voiding of the policy by the violation of the clause. See *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (2), 724 (134 S. E. 804); *National Fire Ins. Co.* v. *Thompson,* 51 *Ga. App.* 625 (181 S. E. 101), and cit. But where, as in the instant case, the ownership condition of the policy was violated by the execution of a bill of sale to secure debt (if valid and effective), by the insured corporation through its president, signing both for the corporation and for himself individually, there would be no notice to the insurer as principal that the corporation had thus transferred title to the insured goods, so as to avoid a forfeiture of the policy, where the statement to the agent by the person who had executed the bill of sale was merely: "At the time when I first told him about the bill of sale, I told him it was *my personal obligation,* but I did put the Peoples Credit Clothing Company's name on it, *with a clause stating that it did not involve the Peoples Credit Clothing Company.*" If the bill of sale in question was effective to transfer title to the insured stock of goods out of the corporation, this positive statement that the agent was notified that the instrument represented merely the *individual's "personal obligation,"* and contained a clause that it *"did not involve"* the *insured corporation,* was ineffective to convey actual notice to the agent or the insurer that the corporation had transferred its title to the property, since the statement expressly negatived such fact.

"A mortgage may embrace all property in possession, or to which the mortgagor has the right of possession at the time." Subject only to the statutory exceptions, it has long been the gen-

eral rule in this State that any mortgage on after-acquired personal property is invalid. *Ga. So. & Fla. Ry. Co.* v. *Barton,* 101 *Ga.* 469 (28 S. E. 842); *Lubroline Oil Co.* v. *Athens Savings Bank,* 104 *Ga.* 376, 382 (30 S. E. 409); *Chisolm* v. *Chittenden,* 45 *Ga.* 213; *Goodrich* v. *Williams,* 50 *Ga.* 425, 435; Code of 1933, § 67-103 (1910, § 3256); (1895, § 2723); (1882, 1873, § 1954); (1868, § 1944, 1863, § 1956). This general rule, with only the statutory exceptions, is applicable, even though it is sought by an express provision of the instrument to include after-acquired property. *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works,* 145 *Ga.* 831 (4) (90 S. E. 49); *Penton* v. *Hall,* 140 *Ga.* 235, 237 (78 S. E. 917); *Durant* v. *Duchesse D'Auxy,* 107 *Ga.* 456 (33 S. E. 478). By the act of 1899 (Ga. L. 1899, p. 32, Code of 1933, § 67-103), two exceptions were made: The first, which was also embodied in prior Codes, provides that a mortgage "may cover a stock of goods, or other things in bulk, but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches to the purchases made to supply their place." The second exception, created by the act of 1899, but having no relevancy to this case, relates to mortgages "given by a person or a corporation to a trustee or trustees, to secure an issue of bonds." Accordingly, "while a mortgage [or bill of sale to secure debt], covering a stock of goods changing in specifics, covers also additional goods purchased in the usual course of business to replenish the stock and keep the business going" (*Smith* v. *Long Cigar & Grocery Co.,* 21 *Ga. App.* 730 94 S. E. 905); and while this is true under the statute, and irrespective of any such express provision in the instrument itself, both as to mortgages and bills of sale (*Merchants & Mechanics Bank* v. *Beard,* 162 *Ga.* 446, 134 S. E. 107; *Hardin* v. *Rubin,* 169 *Ga.* 608 (3, *b*), 151 S. E. 31), this incident of loss and replenishment in the usual course of business operates merely to shift the lien from the articles thus disposed of to the articles substituted by way of replenishment (*Powers* v. *Ga.-Fla. Grocery Co.,* 7 *Ga. App.* 592 (2), 67 S. E. 685); and the provision of the statute does not relate to an entire change of a stock of goods in bulk, but to a change in a "stock of goods . . in bulk . . changing in specifics." Therefore, where a mortgage or bill of sale to secure debt is created on a stock of goods which is totally destroyed

by fire or otherwise, and another new, separate, and distinct stock of goods, which the same merchant might see proper thereafter to buy, is purchased, it would not come within the lien of the instrument covering the stock totally destroyed. In such a case the provision of the statute permitting the attachment of the lien on new specifics in lieu of articles sold from the stock in the ordinary course of trade would not have application. This is true since the lien on the goods destroyed would not be lost, as would be the case on specific articles sold in the ordinary course of business, with the result that, if the destroyed stock was insured, the mortgagee, if the loss was payable to him, could collect under the policy; and if not payable to him, he might by appropriate proceeding subject the insurance proceeds to the satisfaction of his claim. This being true, the lien of the mortgage would not, in violation of the provisions of the statute, continue on both the destroyed stock and the later-acquired new stock. Moreover, the new stock does not replenish the old stock, but is complete and independent within itself, just as if the old stock had been sold under the bulk-sales law. Where the two stocks were separate and distinct, and no single article of goods comprising the new stock was embraced within the old stock on which the lien existed, there was no nucleus for replenishment. Since there was testimony for the plaintiff that made it a question for the jury as to whether all the merchandise covered by the previous bill of sale to secure debt was destroyed by fire, it was error to direct a verdict in favor of the insurance company, and to refuse a new trial.

■ There is no merit in the other exceptions, most of which have been settled adversely to the plaintiff by the rulings in *Peoples Credit Clothing Co.* v. *Old Colony Ins. Co.*, supra, where, although the suit was against another insurer, the same loss was involved, and there was substantially similar evidence on the questions there raised. However, it does not appear that the ground of reversal in the instant case was adjudicated by that decision.

*Judgment reversed. Stephens and Sutton, JJ., concur.*