28005. DUPRIEST *et al. v.* BENNETT BROTHERS.

DECIDED FEBRUARY 15, 1940.

*Robert B. Williamson,* contra.

SUTTON, J. Bennett Brothers brought a trover suit against Raymond Dupriest and Lamar Johnson, trading as Raymar Pharmacy, for two tables and eight chairs, all of chromium finish, then in use in the Raymar drug store. The defendants answered, setting up title and right of possession and alleging that they purchased the property sued for from A. H. Fussell on January 6, 1938, without any notice that Bennett Brothers claimed any interest in said property.

It appears from the record that on August 9, 1937, A. H. Fussell sold to S. L. Strickland a drug store, known as the Sylvester Drug Company, Sylvester, Georgia, including the stock of drugs, medicines, and merchandise, and all the equipment, furniture, and furnishings located in said store and then being used in connection with said business, and to secure the balance of the purchase-money therefor Strickland executed and delivered to Fussell a retention-title and bill-of-sale contract covering the property sold and which contained the following provision: "And it is expressly provided

that this instrument shall be running in its effect and operation, and shall open up from time to time, take in and include everything of every kind and nature that may be hereafter added to the stock of drugs, medicines, merchandise, and to the fixtures, equipment, furniture, and furnishings of said business and in any and all ways and purposes whatsoever." Bennett Brothers of Waycross sold the tables and chairs here involved to S. L. Strickland, on September 21, 1937, taking a retention-of-title contract for same, but this contract was not recorded. Strickland defaulted in his payments to Fussell and Fussell foreclosed his bill-of-sale contract, on December 6, 1937, and a special execution for $2000 principal, besides interest and cost, issued on that date against the property described in said contract. The property was levied on, advertised, and sold under this execution, on December 20, 1937, and was bought at the sale by A. H. Fussell for $700. He then sold the drug business to a Mr. Purdom, and on January 6, 1938, sold the tables and chairs involved in the present case to the defendants for $50. The description of the property in the special execution and in the levy and advertisement was identically the same as that in the bill of sale from S. L. Strickland to A. H. Fussell. Bennett Brothers had no notice or knowledge of the foreclosure proceeding and sale of the property under the bill of sale from Strickland to Fussell, and Fussell did not know the tables and chairs had not been paid for by Strickland but, on the contrary, had been told by him that they were paid for. The court directed a verdict for the plaintiffs, and the exception here is to the judgment overruling the defendants' motion for new trial.

1. The plaintiffs in error contend that they are bona fide purchasers of the tables and chairs in question, and that they have title and the right of possession thereto. The validity of their claim necessarily depends on whether A. H. Fussell owned the property when he sold it to them, and that depends on whether or not he acquired title to the tables and chairs at the sheriff's sale. The property now in question was not owned by Fussell when he sold the drug business to Strickland, and therefore was not included in the bill of sale from Strickland to him. Did the bill of sale attach to the tables and chairs as after-acquired property when they were purchased by Strickland and placed in the drug store more than a month after the bill of sale was made? If they had been

part of the stock of goods it would have so attached, for Code, § 67-103 provides: "A mortgage may embrace all property in possession, or to which the mortgagor has the right of possession at the time, or may cover a stock of goods, or other things in bulk, but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches to the purchases made to supply their place." And a bill of sale will attach to after-acquired portions of a stock of goods as in a case of mortgages, whether or not the bill of sale makes express reference to after-acquired property. *Merchants & Mechanics Bank* v. *Beard,* 162 *Ga.* 446 (134 S. E. 107); *Hardin* v. *Rubin,* 169 *Ga.* 608 (151 S. E. 31). But the tables and chairs were not a part of the stock of goods, or other things in bulk, changing in specifics, within the meaning of the statute. They were purchased and placed in the drug store for permanent use after the aforementioned bill of sale was made. "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." Code, § 67-102. "Subject only to the statutory exceptions, it has long been the general rule in this State that any mortgage on after-acquired personal property is invalid. *Ga. So. & Fla. Ry. Co.* v. *Barton,* 101 *Ga.* 469 (28 S. E. 842); *Lubroline Oil Co.* v. *Athens Savings Bank,* 104 *Ga.* 376, 382 (30 S. E. 409); *Chisolm* v. *Chittenden,* 45 *Ga.* 213; *Goodrich* v. *Williams,* 50 *Ga.* 425, 435; Code of 1933, § 67-103 (1910, § 3256; 1895, § 2723; 1882, 1873, § 1954; 1868, § 1944; 1863, § 1956). This general rule, with only the statutory exceptions, is applicable, even though it is sought by an express provision of the instrument to include after-acquired property." (Citing.) *Peoples Credit &c. Co.* v. *Scottish &c. Ins. Co.,* 54 *Ga. App.* 832, 833 (188 S. E. 913). Thus it will be seen that the bill of sale did not attach to the property in question in the present case, either by virtue of the statutory exception or the express provision in the instrument. The tables and chairs were not specifically mentioned in the special execution, levy, or advertisement, the description of the property therein being identical with that in the bill of sale. Therefore, A. H. Fussell acquired no title to these particular tables and chairs by virtue of the sheriff's sale. Consequently, not having any title to the property in question, he could not convey title thereto to Dupriest and Johnson, the defendants herein.

2. It is true, as contended by the defendants in error, that a sheriff in making a sale is the agent of and acts for the defendant in fi. fa. But this rule is without application or effect in so far as the particular property here involved is concerned, as this property in question was not included in the bill of sale or mentioned in the special execution, levy, or advertisement under which the sale of the stock of drugs and fixtures was made. Under the facts of this case the sheriff's sale did not pass title to the tables and chairs in question.

3. Under the law and the facts, a verdict was demanded for the plaintiffs, and the court did not err in directing a verdict for the plaintiffs or in overruling the defendants' motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*