29875. SOUTHERN COTTON-OIL COMPANY *v.* ADAMS.

DECIDED MARCH 11, 1943.

*Davis & Frieden* and *Whipple & Williams,* for plaintiff.
*Watts Powell,* for defendant.

PER CURIAM. Southern Cotton-Oil Company brought suit against J. Q. Adams, alleging as follows: The defendant is indebted to the plaintiff $772.50, with interest thereon at 7 per cent. from May 8, 1941. On March 15, 1941, the plaintiff by its agent and employee, W. C. Stelling, at its mill in Cordele, Georgia, pur-

chased from the defendant 75 tons of cottonseed at the price of $35 per ton, f. o. b. Hawkinsville, Georgia, all in accordance with a written memorandum of sale executed between the plaintiff and the defendant, a copy of which was attached to the petition as exhibit A. The copy of the memorandum shows that on March 15, 1941, the plaintiff purchased from the defendant the cottonseed as alleged, for "immediate" shipment, the order being "accepted" by Adams in writing. At the time of the sale the seed was located in the warehouse of A. T. Cochran & Son in Hawkinsville. On March 18, 1941, the defendant delivered to the plaintiff an order to that warehouse, directing the delivery of the seed to the plaintiff; but before the plaintiff could arrange for the transportation of the seed the defendant notified the warehouseman not to deliver the seed until he could see the plaintiff further about the sale. The defendant requested the plaintiff to release him from the agreement, but the plaintiff insisted that the sale be completed; and after making formal demand on the defendant for delivery, the plaintiff purchased for the account of the contract between it and the defendant, and in liquidation of the damages thereof, 50 tons of cottonseed at $45 per ton from Taylor Oil Mill, Moultrie, Georgia, on May 7, 1941, and 25 tons of cottonseed at $45 per ton from Ocilla Oil & Fertilizer Company, Ocilla, Georgia, on May 8, 1941, after the defendant had refused to comply with his contract, thus liquidating the damage to the plaintiff in the sum of $750, plus the freight differential between Hawkinsville to Cordele, and Moultrie to Cordele, and Ocilla to Cordele, being 30 cents per ton or $22.50. The plaintiff demanded said sums of the defendant, and has been refused payment.

On the call of the case the defendant moved orally to dismiss the suit, on the ground that the petition did not set forth any cause of action. Before ruling thereon the court allowed the plaintiff an opportunity to amend; whereupon the plaintiff offered an amendment as follows: "Plaintiff, with leave of the court, amends paragraph 5 of its complaint by adding to the end of same as contained in the original petition the following: that said purchase of seed was made by the plaintiff at the points named, which were closest to the City of Hawkinsville at which cottonseed in quantity could be obtained, and at the time when it became apparent to plaintiff that said Adams would not deliver under its contract and at which

time there was no local Hawkinsville market, and the prices so paid were the then prevailing market price of cottonseed at such points. It became apparent, on April 24, 1941, to plaintiff's Cordele branch, at which contract was made, that the defendant had breached his contract of sale, and that the Hawkinsville local market on that date was the same as the local market in the localities specified on paragraph 5 of the original complaint, the price being $40 a ton at the time and place of delivery. Defendant, until April 5, 1941, had been negotiating and promising delivery, and by reason of such promises plaintiff did not consider contract breached and did not therefore proceed to obtain seed elsewhere. Cottonseed at March-April season are not readily obtainable on open market, and seed in quantities as needed by plaintiff's contract was not easily located and procured until date set forth herein, thus entitling plaintiff to recovery of damages for breach as aforesaid."

On objection the court declined to allow the amendment, and on motion of the defendant dismissed the action. The plaintiff excepted to these rulings.

The court erred in disallowing the amendment. The petition together with the amendment set out a cause of action good as against general demurrer. The plaintiff sought to recover damages for the defendant's breach of contract in failing to deliver a stated quantity of cottonseed purchased for immediate shipment. This contract was made on March 15, 1941; but before the plaintiff could arrange for the seed to be shipped, the defendant notified the warehouseman not to deliver the seed until he could confer further with the plaintiff; and he then requested the plaintiff to release him from the agreement, but the plaintiff insisted that the sale be completed. A contract for the purchase of goods for "immediate" shipment means that it is to be performed at once, without delay, forthwith (*Hawkins* v. *Studdard,* 136 *Ga.* 727, 71 S. E. 1112), but such a provision may be waived by the parties after the contract is made, and, as above stated, it was alleged that until April 5, 1941, the defendant had been negotiating and promising delivery, and by reason of such promises the plaintiff did not consider the contract breached and did not proceed to obtain cottonseed elsewhere; but that on April 24, 1941, it became apparent to the plaintiff that the defendant had breached the contract. The plaintiff then went in the open markets, nearest Hawkinsville,

where cottonseed was available, and purchased the same quantity of seed as originally purchased from the defendant, and to the plaintiff's damage as above stated, it being alleged that the seed could not be obtained in Hawkinsville when it became apparent to the plaintiff that the defendant had breached the contract, but that the market price (there) at the time and place of delivery was the same as in Moultrie and Ocilla where it purchased the seed. The measure of damages for breach of contract in failing to deliver goods sold is the difference between the market price of the goods at the time and place of delivery and the contract price of the goods. *Huggins* v. *Southeastern Cement Co.,* 121 *Ga.* 311 (48 S. E. 933); *Sanders* v. *Allen,* 124 *Ga.* 684 (52 S. E. 884). The court erred in rejecting the amendment, and in dismissing the action.

*Judgment reversed. Stephens, P. J., and Sutton and Felton, JJ., concur.*