36511. JEWELERS INVESTMENT CO., INC. *v.*
ELLIOTT ADDRESSING MACHINE CO.

DECIDED FEBRUARY 18, 1957.

*Arnold S. Kaye,* for plaintiff in error.

*Brown & Shoob,* contra.

GARDNER, P. J.   The bill of sale to secure debt listed such items

as "electric and mechanical appliances, . . . radios, clocks, luggage and other personal property, . . . together with all of the furniture, fixtures and equipment, show cases, air conditioning, signs, *cash registers,* chairs and other leasehold improvements and other fixed assets and leasehold improvements of every kind and character now located in and about said premises herein described and which may, at any time hereafter, be located in or about said premises." It is evident that cash registers would come under the same category as an addressograph machine and further, the bill of sale to secure debt particularly stated: "And other fixed assets and leasehold improvements of every kind and character now located in and about said premises herein described and which may, at any time hereafter, be located in or about said premises." Such specific declarations take the instant case out of the scope of *Southern Cotton-Oil Co.* v. *Adams,* 69 *Ga. App.* 88 (24 S. E. 2d 719), *Stanley* v. *Ellis,* 77 *Ga. App.* 12, 16 (47 S. E. 2d 776), and *Dupriest* v. *Bennett Bros.,* 61 *Ga. App.* 704, 706 (7 S. E. 2d 293), cited by counsel for the jewelry company. Loans were made from time to time by A. V. S., Inc. (all assets of that company being transferred at a later date to Jewelers Investment Company, Inc.). Elliott Addressing Machine Company had thirty days in which to record the contract but the contract was not recorded within that time or at any subsequent time. Recording was necessary in order to put third persons on notice of any outstanding indebtedness against the addressograph machine. Code (Ann. Supp.) § 67-103 provides, "A mortgage or bill of sale to secure debt may embrace all property in possession, or to which the mortgagor or grantor has the right of possession at the time . . . ." The holder of the bill of sale to secure debt loaned money in good faith. See *Thomas* v. *Hudson,* 190 *Ga.* 622 (10 S. E. 2d 396). It appears from the evidence that Ross Jewelers, Inc., had possession of the machine, if not at the time of the first loan, certainly at the time of subsequent loans, and that property on the premises and that which might be there at a future time was covered by a bill of sale to secure debt. It has been held by the appellate courts that a lien of this type is valid. See *Vidalia Production Credit Assn.* v. *Durrence,* 94 *Ga. App.* 368 (94 S. E. 2d 609). In a sale of per-

sonal property, if title is to remain in the vendor, the reservation of title must be in writing and must be recorded within thirty days from the date of its execution, in order to be valid against a third person. See Code §§ 67-1401, 67-1402. See also *Tremere v. Barfield,* 12 *Ga. App.* 774 (78 S. E. 729). In the absence of such recording the vendor is not entitled to prevail against one who acquired the property in good faith and for a valuable consideration. See *Mize v. Paschal,* 206 *Ga.* 189 (2) (56 S. E. 2d 266) wherein the Supreme Court said: "Where personal property is sold and delivered with the condition affixed to the sale that the title is to remain in the vendor until payment of the purchase-price, such reservation of title is invalid as to third parties, unless the contract embracing the same is reduced to writing, duly attested, and recorded as prescribed by law. Code §§ 67-1401, 67-1402; *Penland v. Cathey,* 110 *Ga.* 431 (35 S. E. 659); *Farmers Bank of Doerun v. Avery,* 145 *Ga.* 449 (89 S. E. 409). The institution of a trover suit, within the statutory period of thirty days for the record of such instruments, by the original vendor against a third party who has acquired the property so conveyed from his vendee for a valuable consideration and without actual knowledge of the title reservation, does not dispense with the necessity of duly recording the contract; and it is a settled rule of law that, in the absence of such record, the plaintiff vendor is not entitled to prevail against one who acquired the property in good faith and for a valuable consideration." It follows that the holder of a bill of sale to secure debt, based on valuable consideration, should prevail over a holder of an unrecorded conditional-sale contract.

The court erred in its ruling in favor of Elliott Addressing Machine Company.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*